JAMES D. SCOTT, Appellant, *v.* NEVADA EMPLOY-MENT SECURITY DEPARTMENT, Respondent.

No. 3803

December 28, 1954.                    278 P.2d 602.

*Martin J. Scanlan,* of Reno, and *C. Lester Zahniser,* of Sparks, for Appellant.

*Griswold, Vargas, Dillon & Bartlett,* of Reno, for Respondent.

**OPINION**

By the Court, EATHER, C. J.:

A question of jurisdiction of the district court is involved in this appeal. Appellant filed a claim with the Employment Security Department at its office in Churchill County, which is in the First judicial district of Nevada, for benefits under the Unemployment Compensation Law of Nevada. The claim was rejected and he appealed to the Board of Review, which sustained the Appeal Tribunal. He then filed a petition in the Second judicial district court in and for Washoe County, seeking a review of that determination by the board. The Nevada Employment Security Department, respondent here, questioned the jurisdiction of that court, and, when that court dismissed the petition for review, appellant brought the question here.

Section 6(i) of section 2825.06 N.C.L., as amended by the Act of March 21, 1951 (Statutes of 1951, at page 349), provides that any party aggrieved by a final decision of the Board of Review may secure judicial review thereof by commencing an action "in the district court of the county wherein the appealed claim" was filed. Inasmuch as appellant's claim was filed in Churchill County, which is part of the First judicial district, it is obvious that by filing his petition in the Second judicial district court in Washoe County, petitioner did not comply with the statute.

These unemployment benefits have their roots in legislative enactments; they are not inherent rights of the inhabitants of the state. Hence, the legislature may lay down any reasonable and nondiscriminatory conditions

it may see fit concerning eligibility and procedure. We see no hardship or unfairness in requiring court review in the judicial district where the claim is first filed with the Employment Security Department. In fact, we think the requirement stems from a desire to aid the claimant because in most cases it is likely that claimant resides there and it would be a hardship to require him to appear in another district. The right to petition for review is given to the department as well as a claimant, and the department is thus prevented from going into any district except where claimant first presented his claim and where, presumably, claimant resides.

Appellant reminds us that the Constitution of Nevada gives to all district courts of the state jurisdiction over all cases in equity (Article VI. Section 6) and appellate jurisdiction "from such inferior tribunals as may be established by law." It is suggested by appellant that respondent's contention would deprive the district court of jurisdiction already given to it by the constitution and which the legislature may not take away; that the question of the proper forum is one of venue rather than jurisdiction. We are unable to reach such a conclusion. The constitution says, also, that district courts shall have appellate jurisdiction in cases arising in courts of justice of the peace, but the legislature has provided that an appeal must be to the district court "of the County." Likewise, the constitution gives to district courts jurisdiction relating to the estates of deceased persons and yet our probate code provides that exclusive jurisdiction is in the district court of the county of which decedent was a resident. Those are two of the many examples within the proper exercise of the legislative function that are never questioned. We think the problem presented in this appeal must be answered in like manner: Sacramento & San Joaquin Drainage District v. Superior Court, 196 Cal. 414, 238 P. 687; Elberta Oil Company v. Superior Court, 74 Cal.App. 114, 239 P. 415.

An analogous situation was present in Minnesota Valley Canning Company v. Rehnblom, 242 Iowa 1112, 49 N.W.2d 553, 555, where the Workmen's Compensation Statute provided that an aggrieved party could appeal to the district court of the county in which the injury occurred. In holding that a court of another county did not have jurisdiction to entertain such an appeal the Supreme Court of Iowa said, quoting from a former opinion:

"* * * It may, therefore, be safely held that where a statute upon a particular subject has provided a tribunal for the determination of questions connected with that subject, that the jurisdiction thus conferred is exclusive, unless otherwise expressed or clearly manifested; * * *."

An examination of one of the cases cited by appellant discloses a decision in harmony with our conclusion here. In Ward v. Public Service Commission, 341 Mo. 227, 108 S.W.2d 136, 139, a statute provided that application might be made to the circuit court of the county wherein the commission had its principal office, for review of a decision by the commission. After an adverse decision by the commission, Ward obtained a restraining order by a circuit court of another county. In reversing, the appellate court said:

"We think the legislature had a right to say in what circuit courts the appellant could be sued when it gave authority for it to be sued."

Appellant says that the district court for Washoe County should have transferred the petition to the district court for Churchill County instead of dismissing it. The conclusive answer is that if the court did not have jurisdiction it could not have made an effective order of any kind except the order of dismissal.

The order of dismissal is affirmed.

MERRILL and BADT, JJ., concur.