ERIC PALLUDAN, DBA FALLON MERCANTILE, APPELLANT, *v.* LEO BERGIN AND YVONNE BERGIN, HUSBAND AND WIFE, RESPONDENTS.

No. 4520

October 30, 1962 375 P.2d 544

*Diehl & Recanzone,* of Fallon, for Appellant.

*Stewart, Horton & McCune* and *Donald Stuart Bab,* of Reno, for Respondents.

# OPINION

By the Court, MᴄNᴀᴍᴇᴇ, J. :

Appellant brought suit in the court below against respondents for conversion of a baler. In charging conversion the complaint alleges :

"That the defendants wrongfully, unlawfully and maliciously, with intent to defraud the plaintiff, converted and disposed of plaintiff's one-half interest in and to the aforesaid baler by selling the same to Lanning & Harrison, of Fallon, Nevada."

Respondents' answer pleads as an affirmative defense the statute of limitations.

In answer to written interrogatories appellant stated that he sold a one-half interest in the baler to the respondents on June 20, 1950, and that he "believed that the baler had been converted by the defendants on or about the 15th day of June, 1959."

In respondents' motion for summary judgment the affidavit of respondent Leo Bergin in support thereof alleges that "in the year 1953 and while affiant had sole and exclusive physical possession of said baler, your affiant sold the same to Lanning & Harrison."

Appellant's affidavit in opposition to the motion for summary judgment concedes that the baler was sold to Lanning & Harrison in 1953, but alleges that appellant did not learn of the sale until June of 1959.

The lower court granted respondents' summary judgment on the ground that there was no genuine issue as to any material fact and that defendants were entitled to judgment as a matter of law.

Appeal is from said judgment.

It is recognized by appellant that the cause of action is one for conversion. A cause of action for conversion accrues and the statute of limitations thereon commences to run at the time of an unauthorized sale of the property. Culp v. Signal Van & Storage, 142 Cal. App.2d Supp. 859, 298 P.2d 162, 164.

Appellant claims, however, that because he alleged that the respondents converted and disposed of appellant's interest in the baler "with intent to defraud" the appellant, and because his counter affidavit in opposition to the motion for summary judgment states that "plaintiff had no reason to suspect defendants of fraudulently depriving plaintiff of his half interest in the baler," the action should have been treated as one for fraudulent conversion, in which case the statute of limitations by virtue of paragraph (d) of subsection 3 of NRS 11.190 did not commence to run until 1959 when the fraud was discovered. For this reason appellant maintains that his action commenced February 6, 1961 was timely. Said paragraph (d) relates to actions which have their inception in fraud, and does not apply to an action in conversion which is complete without an allegation of fraud. See Miller v. Walser, 42 Nev. 497, 181 P. 437.

Rule 9(b) NRCP provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Neither the allegation nor the proof in support thereof, as hereinbefore quoted, meets the requirements of this rule. The words "with intent to defraud" appearing in the conversion averment being an unnecessary allegation in an action for conversion are rejected as surplusage.

Benson v. Eli, 16 Colo.App. 494, 66 P. 450; 89 C.J.S., Trover and Conversion, sec. 101(2).

In Platt v. Walker, 69 Colo. 584, 196 P. 190, where the complaint after alleging a conversion further alleged that the wrongful taking was "for the purposes of deceiving, cheating, and defrauding the plaintiffs," the court said that the allegations of fraud were not necessary to a recovery on the case as presented by the complaint. "That would be to permit the trial court, or plaintiffs' counsel, to abandon the case as stated, and the theory of the right to recover as shown by the complaint, and substitute therefor a different cause of action."

Because the cause of action for conversion was barred by the statute of limitations, no material fact was in issue and summary judgment was proper.

Affirmed.

BADT, C. J., and THOMPSON, J., concur.