631 P.2d 581

Donna D. KORENS, Plaintiff-Appellant,

v.

ARIZONA DEPARTMENT OF ECONOMIC SECURITY, an Agency, Defendant-Appellee.

No. 1 CA–UB 094.

Court of Appeals of Arizona, Division 1, Department C.

July 7, 1981.

Donna D. Korens, in pro. per.

Robert K. Corbin, Atty. Gen. by R. David Rich, Asst. Atty. Gen., Phoenix, for defendant-appellee.

## OPINION

WREN, Chief Judge.

In this appeal, we determine when the time for filing a notice of appeal begins to run in appeals from decisions of the unemployment insurance appeals board.

Appellant brought this appeal pursuant to A.R.S. § 41–1993 in order to challenge a decision of the unemployment insurance appeals board of the Arizona Department of Economic Security. In its answering brief, appellee has challenged the jurisdiction of this court to entertain the appeal.

In 1979, the Arizona legislature enacted A.R.S. § 41–1993 which provides, in part:

§ 41–1993 Judicial review; procedures; exception

Any party aggrieved by a decision of the unemployment insurance appeals board may take an appeal against the department to the court of appeals in the manner provided by law for appeals from superior court in civil actions, and the procedural rules for appeals in civil actions apply *except if inconsistent with this section or other applicable law.* . . .

(emphasis added).

■ In civil cases, a timely filing of a notice of appeal is a jurisdictional prerequisite for review in this court, *Arizona Department of Economic Security v. Hall*, 120 Ariz. 514, 586 P.2d 1326 (App.1978).[1] The procedure is set out in 17A A.R.S. Rules of Civil Appellate Procedure, rule 9(a). It states:

A notice of appeal required by Rule 8 shall be filed with the clerk of the superior court not later than 30 days after the entry of the judgment from which the appeal is taken, unless a different time is provided by law. . . .

"Entry of judgment" in civil cases is defined in 16 A.R.S. Rules of Civil Procedure, rule 58(a). Under that rule a judgment is "entered" when a formal written judgment, signed by the court, is filed with the clerk of the superior court. Rule 58(a); *DNB Construction, Inc. v. Superior Court*, 125 Ariz. 61, 607 P.2d 380 (1980).

Although the clerk of the superior court is required, in civil cases, to mail notice of entry of judgment to the parties, lack of notice of entry does not affect the time within which the notice of appeal must be filed. 16 A.R.S., Rules of Civil Procedure, rule 77(g).

The parties have not brought to our attention, nor have we found, any statute or rule which provides for procedures in unemployment appeals board cases that are analogous to "entry of judgment" under the rules governing civil cases in superior court. While A.C.R.R. R6–3–1502(0)(3) requires that copies of appeals board decisions be kept on file at the office of the Department of Economic Security in Phoenix, for public inspection, there are no provisions requiring that the date of such filing be indicated on the decision nor implying that appeal time commences upon such filing. To the contrary, as will be discussed further in this opinion, departmental regulations make the date of mailing of the board's decision the triggering date for filing a notice of appeal. A.C.R.R. R6–3–1505(C), *infra*.

It is therefore apparent that the reference to entry of judgment in Rule 9(a), Arizona Rules of Civil Appellate Procedure, is inapplicable to unemployment insurance board appeals because the procedures before the appeals board do not make provision for "entry of judgment" at all. As there is no specific statute delineating the time for filing a notice of appeal in unemployment insurance appeals board cases,[2] we must look to the governing statutory

---

1. This case, decided before the 1979 enactment of A.R.S. § 41–1993, pertained to the filing of a notice of appeal from a superior court decision in a *de novo* review of agency action under the prior law.

2. Compare A.R.S. § 23–943(H) applicable to Industrial Commission reviews.

provisions and rules of the Department of Economic Security in order to determine when the appeal time in such cases begins to run.

A.R.S. § 23–672(E) requires that all interested parties be promptly notified of decisions of the appeals board. A.R.S. § 23–674(C) requires that the interested parties be notified of the decision in person or by mail. A.R.S. § 23–680 requires that the decision or such notice shall be served personally or by registered mail. Finally, A.C.R.R. R6–3–1505(C) states:

> C. Judicial review. Any party aggrieved by a decision of the Appeals Board may, within 30 days following the mailing of a final decision, take an appeal against the Department to the Court of Appeals....

We find that A.C.R.R. R6–3–1505(C) is dispositive of the question. Although the regulation is inconsistent with the "entry of judgment" language of Rule 9(a), Rules of Civil Appellate Procedure, we note that A.R.S. § 41–1993, *supra*, requires the application of the Rules of Civil Appellate Procedure "*except if inconsistent with ... other applicable law.*" (emphasis added).

A.R.S. §§ 23–672(E), –674(C) and –680, discussed above, evidence a clear legislative intent that interested parties be provided notice of appeals board decisions by personal service or registered mail. A.C.R.R. R6–3–1505(C), which provides for the running of appeal time from the date the decision is mailed, is consistent with this legislative intent.[3]

We hold, pursuant to A.C.R.R. R6–3–1505(C), that a notice of appeal from a final decision of the unemployment insurance appeals board must be filed within 30 days following the mailing of the decision.[4] The timely filing of the notice of appeal is jurisdictional, *Arizona Department of Economic Security v. Hall, supra.*

We have examined the record in this case and find that the decision of the appeals board was mailed by registered mail to appellant on June 5, 1980. The notice of appeal from the board's decision was, therefore, due to be filed no later than July 7, 1980. Appellant's notice of appeal from the decision of the appeals board was, in fact, not filed until July 11, 1980.

There being no timely notice of appeal, this court is without jurisdiction in the matter. We therefore do not reach the questions regarding whether appellant failed to meet registration, reporting, or claim filing requirements.

Appeal dismissed.

O'CONNOR and FROEB, JJ., concur.

---

3. We note that recent legislation changing the procedures for review in unemployment appeals board cases uses the date of mailing of the board's final decision on review as the triggering date for filing an application for appeal. *Laws* 1981, Ch. 65, approved by the governor and filed with the secretary of state on April 6, 1981.

4. Because A.C.R.R. R6–3–1505(C) uses specific language triggering the appeal time from the date of "mailing" rather than from the date of "service" 16 A.R.S., Rules of Civil Procedure, rule 6(e), does not apply to give an additional five days for filing the notice of appeal. Compare *Smith v. Industrial Commission,* 11 Ariz. App. 519, 466 P.2d 392 (1970) with *State v. Byers,* 126 Ariz. 139, 613 P.2d 299 (App.1980).