LORETTA BOWMAN, COUNTY CLERK, OF THE EIGHTH JUDICIAL DISTRICT COURT, APPELLANT, v. THE EIGHTH JUDICIAL DISTRICT COURT, IN AND FOR CLARK COUNTY, THE HONORABLE PAUL S. GOLDMAN, DISTRICT JUDGE, RESPONDENT.

No. 16806

November 26, 1986                     728 P.2d 433

---

*Robert J. Miller,* District Attorney, *Bill Curran,* County Counsel, and *Zev Kaplan,* Deputy District Attorney, Clark County, for Appellant.

*The Honorable Paul S. Goldman,* District Judge of the Eighth Judicial District Court, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court holding appellant, Loretta Bowman, Clerk of the Eighth Judicial District Court, in contempt of court, imposing sanctions against her in the amount of $500, and sentencing her to twenty (20) days in the county jail. For the reasons set forth below, we reverse.[1]

The district judge's finding of contempt arose out of an underlying action filed by Cambridge Raquet Club, Inc., against Buddy R. Turley, individually, and Quality Air Conditioning, Inc. The complaint was filed and served on the defendants on May 21, 1985. On June 11, 1985, the twenty-first day following service of

---

[1]Appellant's opening brief in this appeal was filed on December 6, 1985. No answering brief has been filed on behalf of respondent, however, and the time for filing the brief has long since expired. NRAP 31(a). Cause appearing, this appeal shall stand submitted on the opening brief and the record on appeal, without oral argument. NRAP 34(f)(1).

the complaint, plaintiff Cambridge Raquet Club presented the clerk's office with a praecipe of default because the defendants had not answered or otherwise responded. The deputy court clerk duly filed the default.

The following day, June 12, 1985, defendant Turley submitted a motion to dismiss to the clerk's office for filing. Accordingly, the deputy clerk filed this motion. The motion to dismiss, originally set for hearing on July 23, 1985, was later taken off the calendar. Defendant Turley subsequently moved to set aside the default, and the district court granted the motion on September 13, 1985. That same day, the plaintiff filed a motion for an order directing the district court clerk to appear and show cause why she had improperly allowed defendant to file his motion to dismiss after a default had been entered. Considering the motion meritorious, Judge Goldman then ordered Loretta Bowman, the clerk of the court, to appear on September 17, 1985, to show cause why she should not be held in contempt for "failure to comply with the Nevada Rules of Civil Procedure."

At the show cause hearing, Judge Goldman read to Ms. Bowman Nevada Rules of Civil Procedure 55 and 8(d).[2] Judge Goldman concluded that "if we are to have responses filed subsequent to the entry of default, Rule 55 becomes meaningless, and likewise 8(d) becomes meaningless." The court then entered sanctions for contempt against Ms. Bowman in the amount of $500 and sentenced her to serve twenty days in the county jail. This appeal followed.

In an order issued on September 17, 1985, Judge Goldman held the court clerk in contempt because the deputy court clerk accepted and filed defendant's motion to dismiss after a default had been entered the previous day. Appellant contends that the

---

[2]The exact statements of the district judge were:

THE COURT: I am going to read in haec verba Rule 55 of the Nevada Rules of Civil Procedure. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default."

It goes on.

Rule 8(d) provides in haec verba, "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided."

The Court's position is rather elementary. Counsel and I spoke about this in chambers. I believe if we are to have responses filed subsequent to the entry of default, Rule 55 becomes meaningless, and likewise 8(d) becomes meaningless.

Counsel, anything else?

conduct of the court clerk did not constitute a contemptuous act. We agree.

NRS 22.010 and NRS 199.340 list the acts or omissions which constitute contempt.[3] The actions of the court clerk did not fall within any of the acts or omissions enumerated in NRS 22.010 or NRS 199.340. The court clerk was not disorderly, contemptuous or insolent. No breach of the peace, boisterous conduct or violent disturbance took place. The court clerk did not disobey or resist any lawful writ, order, rule or process issued by the court. She

---

[3]NRS 22.010 provides:

The following acts or omissions shall be deemed contempts:

1. Disorderly, contemptuous or insolent behavior toward the judge while he is holding court, or engaged in his judicial duties at chambers, or toward masters or arbitrators while sitting on a reference or arbitration, or other judicial proceeding.

2. A breach of the peace, boisterous conduct or violent disturbance in the presence of the court, or in its immediate vicinity, tending to interrupt the due course of the trial or other judicial proceeding.

3. Disobedience or resistance to any lawful writ, order, rule or process issued by the court or judge at chambers. ·

4. Disobedience of a subpoena duly served, or refusing to be sworn or answer as a witness.

5. Rescuing any person or property in the custody of an officer by virtue of an order or process of such court or judge at chambers.

6. Disobedience of the order or direction of the court made pending the trial of an action, in speaking to or in the presence of a juror concerning an action in which the juror has been impaneled to determine, or in any manner approaching or interfering with such juror with the intent to influence his verdict.

7. Abusing the process or proceedings of the court or falsely pretending to act under the authority of an order or process of the court.

NRS 199.340 provides:

Every person who shall commit a contempt of court of any one of the following kinds shall be guilty of a misdemeanor:

1. Disorderly, contemptuous or insolent behavior committed during the sitting of the court, in its immediate view and presence, and directly tending to interrupt its proceedings or to impair the respect due to its authority;

2. Behavior of like character in the presence of a referee, while actually engaged in a trial or hearing pursuant to an order of court, or in the presence of a jury while actually sitting in the trial of a cause or upon an inquest or other proceeding authorized by law;

3. Breach of the peace, noise or other disturbance directly tending to interrupt the proceedings of a court, jury or referee;

4. Willful disobedience to the lawful process or mandate of a court;

5. Resistance, willfully offered, to its lawful process or mandate;

6. Contumacious and unlawful refusal to be sworn as a witness or, after being sworn, to answer any legal and proper interrogatory;

7. Publication of a false or grossly inaccurate report of its proceedings; or

8. Assuming to be an attorney or officer of a court or acting as such without authority.

did not abuse the process or proceedings of the court. There was no showing that the clerk or deputy clerk deliberately or recklessly disregarded their duties with respect to the court.

The clerk has a ministerial duty to accept and file documents. She has no authority to pass upon the validity of instruments presented for filing. The power to make any decision concerning the propriety of any paper submitted, or the right of a person to file a paper, is vested in the court, not the clerk. *See* State ex rel. Kaufman v. Sutton, 231 So.2d 874 (Fla.Dist.Ct.App. 1970); Malinou v. McElroy, 207 A.2d 44 (R.I. 1965). The clerk does have the right to exercise discretion regarding matters of form, but she does not have judicial discretion. *See* State v. Glass, 44 Nev. 235, 192 P. 472 (1920); Ferlita v. State, 380 So.2d 1118 (Fla.Dist.Ct.App. 1980). Therefore, it is the duty of the court clerk to accept for filing any paper presented to her which is in acceptable form under court rules and is accompanied by the requisite fee unless she has specific instructions from the court to the contrary.

Under these circumstances, had the clerk (or the deputy clerk) refused to accept and file the motion to dismiss, she would have been guilty of a gross dereliction of duty as a ministerial officer. Thus, Judge Goldman held Ms. Bowman in contempt for conscientiously fulfilling her responsibilities as court clerk. Obviously, we cannot permit that order to stand.

Accordingly, we reverse the order of the district court holding the clerk in contempt of court.