NICHOLAS M. CARUSO, Appellant, *v.* NEVADA EMPLOY-
MENT SECURITY DEPARTMENT, STATE OF NEVADA,
STANLEY P. JONES, in his capacity as Executive
Director of the NEVADA EMPLOYMENT SECURITY
DEPARTMENT, and XEBEC, Respondents.

No. 16809

March 24, 1987                                  734 P.2d 224

*Sharon E. Claassen,* Carson City, for Appellant.

*Crowell, Crowell, Crowell & Susich,* Carson City, for
Respondents.

## OPINION

*Per Curiam:*[1]

This is an appeal from an order of the district court granting
respondents' motion to dismiss appellant's petition for judicial
review for lack of subject matter jurisdiction. NRS 612.530(1).

Appellant filed an unsuccessful claim for unemployment com-
pensation benefits in Carson City, Nevada. The decision of the
Employment Security Board of Review advised appellant that he

---

[1]This appeal was previously dismissed on the merits in an unpublished
order of this court. On motion of respondents, we have determined that our
decision should be issued in a published opinion. Accordingly, we hereby
issue this opinion in place of our order dismissing appeal filed December 30,
1986.

could secure judicial review of the board's adverse decision "by filing an appeal to the district court serving the county in which the claim was filed," consistent with the provisions of NRS 612.530(1). Appellant did not follow the board's instructions and, instead, filed a petition for judicial review in the Ninth Judicial District Court, Douglas County, Nevada. Subsequently, the district court granted respondent's motion to dismiss based on lack of subject matter jurisdiction.

Appellant contends that the provisions of NRS 612.530(1) are not jurisdictional based on our holding in Scott v. Nev. Employ. Sec., 70 Nev. 555, 278 P.2d 602 (1954). More specifically, appellant contends that our decision in *Scott* contemplates that claimants be able to pursue judicial review of decisions of the Employment Security Board of Review in the county of their residence. This contention is without merit. In *Scott,* we noted that "where a statute upon a particular subject has provided a tribunal for the determination of questions connected with the subject . . . the jurisdiction thus conferred *is exclusive,* unless otherwise expressed or clearly manifested. . . ." 70 Nev. at 559, 278 P.2d at 603-604 (quoting Minnesota Valley Canning Company v. Rehnblom, 49 N.W.2d 553, 555 (Iowa 1951)) (emphasis added). The legislature has, by explicit language, directed claimants to file their petitions for judicial review in the county wherein the appealed claim was filed. While this legislative mandate may occasionally result in hardship, it is not the function of this court to substitute its judgment for that of the legislature. *See* Klosterman v. Cummings, 86 Nev. 684, 687, 476 P.2d 14, 16 (1970). The Ninth Judicial District Court lacked subject matter jurisdiction over appellant's petition for judicial review and, accordingly, properly dismissed the case below.

We have considered appellant's remaining contentions, and we conclude that they lack merit. We affirm the order of the district court.