768 P.2d 666

**Loretta L. MENDOZA, Appellant,**

v.

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, an Agency and Prescott Young Generation, Appellees.**

**No. 1 CA–UB 584.**

Court of Appeals of Arizona, Division 1, Department A.

Sept. 1, 1988.

Community Legal Services by Michael W. McCarthy, Prescott, for appellant.

Robert K. Corbin, Atty. Gen. by Frank Sagarino, Asst. Atty. Gen., Phoenix, for appellee ADES.

Prescott Young Generation, Prescott, appellee pro se.

OPINION

JACOBSON, Presiding Judge.

This opinion deals with the jurisdiction of this court to consider an application for appeal mailed by the appellant prior to the expiration of the time to appeal, but received by the clerk of the appeals board after the time for appeal had expired.

The facts are not in dispute. On October 13, 1987, the Department of Economic Security Unemployment Insurance Appeals Board issued its decision affirming a prior determination that claimant, Loretta L. Mendoza, was not entitled to unemployment insurance payments. On November 9, 1987, claimant mailed to the clerk of the appeals board an application for appeal to the Court of Appeals. Pursuant to A.R.S. § 41–1993, the time for filing an appeal would expire on November 12, 1987.[1] The application for appeal was not received by the clerk of the Appeals Board until November 13, 1987. The clerk subsequently notified this court that the application was untimely.

This court initially dismissed the application for appeal for lack of jurisdiction on the grounds the application was untimely. The claimant requested reconsideration, asserting, among other things, that post office error caused the delayed receipt and that filing was perfected when the application was mailed. After receiving requested supplemental memoranda, this court vacated the prior dismissal and reinstated the application for appeal with an indication that the reasons for the reinstatement would be set forth in an opinion. This is that opinion.

An applicant must "file an application for appeal to the court of appeals with the clerk of the appeals board within thirty days of the date of mailing of the decision upon review." A.R.S. § 41–1993(B). This time limit is jurisdictional. *See Korens v. Arizona Dept. of Economic Security*, 129 Ariz. 426, 631 P.2d 581 (App.1981) (interpreting predecessor of A.R.S. § 41–1993). Although the statute specifies when the limitations period begins (date of mailing), it does not define the meaning of "file" in this context. This term, however, is generally defined by regulation. *See* A.A.C. R6–3–1404(A) (regulation 1404). It provides in relevant part:

A. Except as otherwise provided by Statute or by Department Regulation,

*any* payment, *appeal, application,* request, notice, objection, petition, report or other information or document *submitted to the Department shall be considered received by and filed with the Department:*

1. *If transmitted via the United States Postal Service* or its successor, *on the date it is mailed* as shown by the postmark, or in the absence of a postmark the postage meter mark, of the envelope in which it is received; or if not postmarked or postage meter marked or if the mark is illegible, on the date entered on the document as the date of completion.

A.A.C. R6–3–1404(A)(1) (emphasis added).

No prior case has directly addressed the applicability of regulation 1404 to statutory applications for appeal. *Korens* concerned the *inception* of the limitations period, rather than what acts constituted the required filing before section 41–1993(B) itself defined this date. Furthermore, the applicant in *Korens* did not assert that filing was effective upon mailing. *See Korens*, 129 Ariz. at 427–28, 631 P.2d at 582–83. We note, however, that the opinion heavily relied on reading A.R.S. § 41–1991 in *pari materia* with other administrative regulations in interpreting the statute.

In our opinion, regulation 1404 applies to applications for appeal. The operative language of this regulation refers to *submission* of a document to the Department of Economic Security. Section 41–1993(B) falls within the regulation by requiring an applicant to file an application for appeal with the appeals board clerk. Although the role of the appeals board is ministerial, regulation 1404 does not require that the Department have ultimate decision-making authority concerning the application or appeal.

This interpretation does not, contrary to the Department's assertion, modify legislation by an administrative regulation. Rath-

---

1. A.R.S. § 41–1993(B) provides in part:
   Any party aggrieved by a decision upon review of the appeals board may file an application for appeal to the court of appeals with the clerk of the appeals board within thirty days of the date of mailing of the decision upon review.

er, it applies a general regulatory definition to an undefined statutory term. *See, e.g., Dearing v. Arizona Dept. of Economic Security,* 121 Ariz. 203, 589 P.2d 446 (App. 1978) (court looks to administrative regulations as well as statutes to define "wages.") None of the authority from other jurisdictions cited by the Department to justify a strict construction of the statutory appeal provision involves such a general regulatory definition. *See e.g., Holmes v. Navajo Freight Lines, Inc.,* 488 S.W.2d 311 (Mo.App.1972) (notice of appeal from workers' compensation award mailed within protest period but received after it had expired as a result of post office error was not timely filed within meaning of statute). Regulation 1404 applies to all other *statutory* time limits, each of which require an applicant to *file* one form of protest or another. *See* A.R.S. §§ 23–773(B) (1983) (appeal from deputy decision); –671(D) (Supp.1987) (petition for review of tribunal decision); –672(F) (Supp.1987) (request for review of appeals board decision). *See* A.A.C. R6–3–1404(A).

This is not, as the Department asserts, a direct appeal controlled by the Arizona Rules of Civil Procedure. Rather, this is a judicial review of an administrative ruling. *Compare* Rule 4(a), Rules of Civil Procedure with A.A.C. R6–3–1505(C).[2]

For the foregoing reasons, the application for appeal is reinstated and the merits of claimant's appeal shall be considered in due course.

HAIRE, C.J., and GREER, J., concur.

---

**2.** This regulation states:

C. Judicial review. Any party aggrieved by a decision of the Appeals Board may, within 30 days following the mailing of a final decision, take an appeal against the Department to the Court of Appeals. *Such appeal shall proceed in the manner provided by law for appeals from Superior Court in Civil Ac-* *tions.* All parties before the Appeals Board shall be given notice of the appeal and an opportunity to enter an appearance before the Court of Appeals. All such appeals shall be limited to the record before the Department unless the court orders otherwise. (emphasis added).