KATHRYN KAME, Appellant, v. EMPLOYMENT SECU-
RITY DEPARTMENT and SILVER SLIPPER, Respond-
ents.

No. 18637

February 22, 1989                    769 P.2d 66

*Richard Segerblom,* Las Vegas, for Appellant.

*Crowell, Susich, Owen & Tackes,* Carson City, for Respond-
ents.

# OPINION

*Per Curiam:*

On March 16, 1986, appellant Kathryn Kame was fired from her job as a waitress at the respondent Silver Slipper Casino in Las Vegas. Respondent Employment Security Department (Employment Security) rejected Kame's claim for unemployment benefits because her employer discharged her for misconduct.

Kame appealed the decision to Employment Security's office of appeals, and on June 26, 1986, the appeals referee affirmed Employment Security's decision. Ms. Kame appealed to the board of review via letter on July 17, 1986. On October 17, 1986, the board dismissed Kame's appeal. The board of review's decision contained a notice providing that Kame could secure judicial review of the board's decision if she filed an appeal in the district court by November 6, 1986. Since Kame resided in California, she had to file her judicial appeal in the district court located in Carson City.

Kame attempted to file her *in proper person* appeal with the First Judicial District Court by mail on November 8, 1986.[1] The court clerk refused to file the document because it was not accompanied by a filing fee, and was not in a proper format according to District Court Rule 12.[2]

Apparently, in December 1986, and March 1987, Ms. Kame again attempted to file her *in proper person* appeal, and again the district court clerk refused to file her petition. Finally, on August 12, 1987, nearly ten months after the board of review dismissed her claim, Ms. Kame secured counsel and successfully filed her appeal at the district court in Carson City.

On September 16, 1987, respondents Employment Security and the Silver Slipper jointly filed a motion to dismiss Kame's petition for judicial review. They asserted that Kame's appeal to the district court was not timely filed, and therefore the district court lacked subject matter jurisdiction over the dispute. On October 19, 1987, the district court granted respondents' motion to dismiss. Kame appeals from the district court's decision.

---

[1]Kame asserts that she timely tried to file her appeal, although the district court clerk received it beyond the November 6, 1986 deadline. Under NRCP Rule 6(e), parties have an additional three days in which to file when the decision appealed from was received through the mail. Thus, Kame had until November 9, 1986, to timely file her appeal.

[2]District Court Rule 12 provides in part:

> 6. The clerk shall not accept for filing any pleadings or documents which are not properly signed or do not comply with this rule, but for good cause shown, the court may permit the filing of noncomplying pleadings and documents.

Kame argues that her November 8, 1986 *in proper person* attempt to file an appeal in the district court to the board of review's dismissal of her claim tolled the applicable statute of limitations until she was able to properly file in August 1987. Within ten days after the decision of the board of review becomes final, an aggrieved party may secure judicial review thereof by commencing an action in the district court. NRS 612.530(1).[3]

Kame cites Copeland v. Desert Inn Hotel, 99 Nev. 823, 673 P.2d 490 (1983), as support for her contention. In *Copeland,* we adopted the doctrine of equitable tolling of statutes of limitations *in the context of claims for relief due to violations of Nevada's anti-discrimination statutes.* 99 Nev. at 826, 673 P.2d at 492.

However, *Copeland* is distinguishable from the instant case. Pursuant to NRS 613.330, the petitioner in *Copeland* filed a complaint against her employer after the employer discharged her because of her physical handicap. 99 Nev. at 824, 673 P.2d at 491. After officials from the Nevada Equal Rights Commission misled petitioner regarding her rights under Nevada's anti-discrimination statutes, petitioner failed to file suit in the district court within the 180 day statute of limitations imposed by NRS 613.430. 99 Nev. at 825, 673 P.2d at 491.

In the case at hand, Kame does not assert that the pertinent administrative agency, Employment Security, misled her regarding her appeal rights. On the contrary, all the notices received by Kame specifically directed her to file all appeals by a certain deadline.

Furthermore, *Copeland* involved an interpretation of NRS 613.430, which prohibits the bringing of causes of action based on discriminatory employment practices after 180 days from the date of the act complained of, but tolls the running of that period during the pendency of any complaint made to the Nevada Equal Rights Commission. Unlike NRS 613.430, the pertinent statute in this case, NRS 612.530(1), contains no provision allowing for tolling of the ten day period of limitation. Therefore, *Copeland* is inapposite to the instant case.

Respondents Employment Security and Silver Slipper argue that the ten day time limit prescribed by NRS 612.530 is jurisdictional and mandatory. We agree.

---

[3]NRS 612.530(1) provides:

Within 10 days after the decision of the board of review has become final, any party aggrieved thereby or the executive director may secure judicial review thereof by commencing an action in the district court of the county wherein the appealed claim or claims were filed against the executive director for the review of such decisions, in which action any other party to the proceedings before the board of review shall be made a defendant.

When a party seeks judicial review of an administrative decision, strict compliance with the statutory requirements for such review is a precondition to jurisdiction by the court of judicial review. Teepe v. Review Board of Indiana Emp. Sec. Div., 200 N.E.2d 538, 539 (Ind.App. 1964). Noncompliance with the requirements is grounds for dismissal of the appeal. *Id.* Thus, the time period for filing a petition for judicial review of an administrative decision is mandatory and jurisdictional. Navarro Independent School Dist. v. Brockette, 566 S.W.2d 699, 700 (Tex.Civ.App. 1978).

In the past, this court has upheld the dismissal of appeals for failure to timely commence them. League to Save Lake Tahoe v. Tahoe R.P.A., 93 Nev. 270, 275, 563 P.2d 582, 585 (1977). In SIIS v. Partlow-Hursh, 101 Nev. 122, 125, 696 P.2d 462, 464 (1985), we held that the thirty day time limit imposed for filing an appeal of a decision concerning a worker's compensation claim is jurisdictional and mandatory. NRS 616.5422(1).[4] Moreover, when a statute is silent, the time period for perfecting an appeal is generally considered mandatory, not procedural. *Partlow-Hursh,* 101 Nev. at 124-125, 696 P.2d 463-464.

Other courts hold that the notice requirements of statutes similar to NRS 612.530(1) are jurisdictional. In Korens v. Arizona Dept. of Economic Sec., 631 P.2d 581 (Ariz.Ct.App. 1981), petitioner filed a notice of appeal from a decision of the unemployment insurance appeals board after the thirty day statute of limitations expired. *Id.* at 583. The appellate court noted that since timely filing of a notice of appeal is jurisdictional, the district court lacked subject matter jurisdiction over the case. *Id.*

Although Kame tried to file her *in proper person* petition for judicial review before the November 9, 1986 deadline, the district court clerk properly refused to file her appeal. Court clerks do not possess judicial discretion to pass upon the validity of a tendered document. Bowman v. District Court, 102 Nev. 474, 478, 728 P.2d 433, 435 (1986). However, clerks have authority to determine whether a document complies with a court's rules pertaining to form. *Id.,* 728 P.2d at 435. Therefore, the court clerk was within her rights when, pursuant to District Court Rule 12, she refused to file Kame's appeal.

---

[4]NRS 616.5422(1) provides:

Any party aggrieved by a decision of the hearing officer relating to a claim for compensation may appeal from the decision by filing a notice of appeal with an appeals officer within 60 days after the date of the decision.

The legislature revised subsection (1) in 1985, and extended the time limit for bringing an appeal to the appeals officer from thirty to sixty days.

It's true that dismissal of Ms. Kame's appeal may cause her some hardship. However, the legislature is the parent of unemployment benefits. Scott v. Nev. Employ. Sec., 70 Nev. 555, 557, 278 P.2d 602, 603 (1954). These benefits are not inherent rights of Nevada citizens. *Id.,* 278 P.2d at 603. Therefore, the legislature may enact any reasonable and nondiscriminatory conditions regarding eligibility and procedure. *Id.* at 557-558, 278 P.2d at 603.

Although the mandate of NRS 612.530(1) may occasionally cause hardship, it is not the function of this court to substitute its judgment for that of the legislature. Caruso v. Nev. Emp. Sec. Dep't, 103 Nev. 75, 76, 734 P.2d 224, 225 (1987). Therefore, the district court properly dismissed Ms. Kame's appeal for lack of subject matter jurisdiction.