**132 Nev., Advance Opinion 55**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

NATIONSTAR MORTGAGE, LLC; AND THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE HOLDERS OF THE CERTIFICATES, FIRST HORIZON MORTGAGE PASS-THROUGH CERTIFICATES SERIES PHAMS 2005-AA5, BY FIRST HORIZON HOME LOANS, A DIVISION OF FIRST TENNESSEE BANK NATIONAL MASTER SERVICER, IN ITS CAPACITY AS AGENT FOR THE TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT,
Appellants,
vs.
CATHERINE RODRIGUEZ,
Respondent.

No. 66761

**FILED**

JUL 28 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court order granting a petition for judicial review of a foreclosure mediation. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

*Reversed.*

Kravitz, Schnitzer & Johnson, Chtd., and Gary E. Schnitzer and Tyler J. Watson, Las Vegas; Akerman, LLP, and Melanie D. Morgan, Las Vegas, for Appellants.

Connaghan Newberry Law Firm and Tara D. Newberry, Las Vegas; Legal Aid Center of Southern Nevada, Inc., and Venicia G. Considine, Las Vegas,
for Respondent.

SUPREME COURT
OF
NEVADA

(O) 1947A

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, HARDESTY, J.:

Nevada's Foreclosure Mediation Rules (FMRs) provide that a party may file a petition for judicial review following mediation, provided that the petition is filed within 30 days of receiving the mediator's statement. In this appeal, we must determine whether the filing of such a petition can be permitted beyond the 30-day time period when a party discovers fraud months after the mediation. We conclude that it cannot. Accordingly, we determine that the district court lacked jurisdiction to consider the petition for judicial review and reverse the district court's order.

*FACTS AND PROCEDURAL HISTORY*

Respondent Catherine Rodriguez received a loan from First Horizon to purchase a home secured by a deed of trust. Mortgage Electronic Registration Systems, Inc., a nominee beneficiary, later recorded a notice of default, and the Bank of New York Mellon (BONY) was assigned the deed of trust. Rodriguez elected for foreclosure mediation, the first of which took place in July 2010. MetLife Home Loans (MetLife) attended the mediation as an agent of BONY. MetLife made an offer at the mediation, which Rodriguez did not accept. A second, unsuccessful mediation took place in December 2010.

Appellant Nationstar Mortgage, LLC, began servicing Rodriguez's account in August 2011, meaning that it did not own the loan but could foreclose on it, if necessary. A third, unsuccessful mediation occurred on October 6, 2011, between Nationstar, as the agent of BONY, and Rodriguez. Unknown to Rodriguez, Nationstar presented an

uncertified, inaccurate copy of the note at the mediation. The note mistakenly contained a stamp endorsing the note to Nationstar.

Thereafter, Rodriguez received a foreclosure notice, and BONY filed a complaint for judicial foreclosure. During a hearing held on a motion for summary judgment on June 18, 2013, BONY presented the original copy of the note containing an endorsement in blank—as opposed to the endorsement to Nationstar. Upon learning that the note presented at the October 6, 2011, mediation was inaccurate, Rodriguez filed a petition for judicial review of the October 6, 2011, mediation on July 22, 2013, against Nationstar and BONY (collectively, Nationstar). The district court excused the untimeliness of the petition based on good cause, and after an evidentiary hearing, found that the note's certification was false and that Nationstar knew of the falsity. As a result, the district court sanctioned Nationstar $100,000. This appeal followed.

## DISCUSSION

Nationstar argues that Rodriguez did not file her petition for judicial review in a timely manner as required by FMR 21(2),[1] so the

---

[1]The FMRs have been revised several times. In this opinion, we use the FMRs as amended on February 16, 2011, because this version applied at the time of the pertinent mediation—the subject of the petition for judicial review. *See In re Adoption of Rules for Foreclosure Mediation,* ADKT No. 435 (Order Amending Foreclosure Mediation Rules, February 16, 2011); *see also Leyva v. Nat'l Default Servicing Corp.,* 127 Nev. 470, 473 n.2, 255 P.3d 1275, 1277 n.2 (2011); *Comm'n on Ethics v. Hardy,* 125 Nev. 285, 288 n.1, 212 P.3d 1098, 1101 n.1 (2009); *Marquis & Aurbach v. Eighth Judicial Dist. Court,* 122 Nev. 1147, 1150 n.1, 146 P.3d 1130, 1132 n.1 (2006).

district court lacked jurisdiction. We review court rules de novo. *Pasillas v. HSBC Bank USA*, 127 Nev. 462, 467, 255 P.3d 1281, 1285 (2011).

FMR 21(2) provides that petitions for judicial review "shall be filed within 30 days of the date that the party to mediation received the Mediator's Statement." We have previously determined that the "[u]se of the word 'shall' in . . . the FMRs indicates a duty . . . and . . . 'shall' is mandatory unless the statute demands a different construction to carry out the clear intent of the [L]egislature." *Pasillas*, 127 Nev. at 467, 255 P.3d at 1285 (internal quotation marks omitted). We have also previously determined that "the FMRs necessitate strict compliance." *Leyva v. Nat'l Default Servicing Corp.*, 127 Nev. 470, 476, 255 P.3d 1275, 1279 (2011); see *Markowitz v. Saxon Special Servicing*, 129 Nev., Adv. Op. 69, 310 P.3d 569, 572 (2013) (reaffirming that the FMRs' timing-related provisions require strict compliance).

"When the language in a provision is clear and unambiguous, this court gives 'effect to that meaning and will not consider outside sources beyond that statute.'" *City of Reno v. Citizens for Cold Springs*, 126 Nev. 263, 272, 236 P.3d 10, 16 (2010) (quoting *Nev. Attorney for Injured Workers v. Nev. Self-Insurers Ass'n*, 126 Nev. 74, 84, 225 P.3d 1265, 1271 (2010)). Because FMR 21(2) is not susceptible to more than one understanding, we conclude that FMR 21(2) is unambiguous and the 30-day period is unyielding.

Rodriguez argues that this court should read a discovery component into FMR 21(2).[2] We disagree. This court has never applied a

---

[2]Rodriguez attempts to liken FMR 21(2) to a fraud claim. While fraud claims contain a discovery component, see NRS 11.190(3)(d) ("[A]n action for relief on the ground of fraud or mistake . . . shall be deemed to

*continued on next page . . .*

 

discovery rule to any type of petition for judicial review. *See Washoe Cty. v. Otto*, 128 Nev. 424, 431, 282 P.3d 719, 725 (2012) ("[S]trict compliance with the statutory requirements for [judicial] review is a precondition to jurisdiction . . . , and [n]oncompliance with the requirements is grounds for dismissal." (second alteration in original) (internal quotation marks omitted)); *Mikohn Gaming v. Espinosa*, 122 Nev. 593, 598, 137 P.3d 1150, 1154 (2006) ("[T]he time limitation [for petitions for judicial review] is jurisdictional, [so] a district court is divested of jurisdiction if the petition is not timely filed."); *Kame v. Emp't Sec. Dep't*, 105 Nev. 22, 24, 769 P.2d 66, 68 (1989) (holding that the filing deadline for a petition for judicial review cannot be tolled). This pronouncement appears to be generally accepted. *See, e.g., Brazoria Cty., Tex. v. Equal Emp't Opportunity Comm'n*, 391 F.3d 685, 688 (5th Cir. 2004) ("Th[e] period [to file a petition for review] is jurisdictional and cannot be judicially altered or expanded." (internal quotation marks omitted)); *Burlington N., Inc. v. Nw. Steel &*

---

*. . . continued*

accrue upon the discovery by the aggrieved party of the facts constituting the fraud or mistake."), Rodriguez's petition for judicial review is not an action for relief on the basis of fraud. *See Palludan v. Bergin*, 78 Nev. 441, 443, 375 P.2d 544, 545 (1962) (noting that NRS 11.190(3)(d) "relates to actions which have their inception in fraud"). The foundation for Rodriguez's petition for judicial review is abuse of the foreclosure mediation process, so NRS 11.190(3)(d) is not applicable.

We take this opportunity to note that we do not sanction any fraud that occurred at the mediation. Rather, we point out that Rodriguez's allegations of fraud would have been more appropriately addressed through filing a fraud complaint, conducting discovery, and receiving a jury trial. A petition for judicial review is not meant as an avenue to bring original claims.

Supreme Court
OF
Nevada

(O) 1947A

5

*Wire Co.*, 794 F.2d 1242, 1247 (7th Cir. 1986) (noting the "filing period [for a petition for judicial review] is jurisdictional and a court has no discretion to alter or enlarge it"); *Horne v. Idaho State Univ.*, 69 P.3d 120, 123 (Idaho 2003) ("The filing of a petition for judicial review within the time permitted by statute is jurisdictional."); *Nudell v. Forest Pres. Dist. of Cook Cty.*, 799 N.E.2d 260, 267-68 (Ill. 2003) ("[T]he requirement that a complaint for administrative review be filed within the specified time limit is jurisdictional."); 2 Am. Jur. 2d *Administrative Law* § 507 (2014) ("The filing of a petition for judicial review of an administrative decision within the time permitted by statute is mandatory and jurisdictional, and the failure to seek judicial review of an administrative ruling within the time prescribed by statute makes such an appeal ineffective for any purpose." (footnotes omitted)); 3 Charles H. Koch, Jr., *Administrative Law and Practice* § 8:24 (3d ed. 2010) ("Specific filing deadlines are often created by individual statutes. Statutory deadline[s] are jurisdictional and cannot be altered or expanded by the court. . . . Failure to meet these deadlines constitutes a bar to action filed after that date.").

Further, we note that even if FMR 21(2) contained a discovery component, Rodriguez still missed the 30-day deadline. Rodriguez discovered the note's fraudulence on June 18, 2013, but she did not file her petition for judicial review until July 22, 2013, 34 days later.

Accordingly, for the reasons set forth above, we conclude that the district court lacked jurisdiction to consider Rodriguez's petition for judicial review, which was filed more than 20 months after the mediator's

Supreme Court
of
Nevada

(O) 1947A

6

statement was mailed to the parties,[3] and we reverse the district court's order.[4]

_____, J.
Hardesty

We concur:

_____, C.J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

---

[3]Rodriguez cites to *Chemiakin v. Yefimov*, 932 F.2d 124, 126 (2d Cir. 1991), and *Willy v. Coastal Corp.*, 915 F.2d 965, 967 (5th Cir. 1990), for her contention that the district court was permitted to impose sanctions against Nationstar and BONY without jurisdiction. *Chemiakin* and *Willy* are based on Federal Rule of Civil Procedure 11(c)(1), which provides that a court may impose a sanction for the failure to certify that a motion or pleading is not frivolous. The sanctions authorized by FRCP 11(c)(1) are separate and distinct from the merits of the case, *see Willy*, 915 F.2d at 967, whereas FMR 21(1)'s sanctions stem directly from the foreclosure mediation process and are tied to the merits of the petition. *See* NRS 107.086(6) (stating that a district court can sanction a party if they do not attend the mediation, did not participate in good faith, or do not bring the required documents). Because the sanctions imposed by FRCP 11(c)(1) and FMR 21(1) are dissimilar, Rodriguez's argument lacks merit.

[4]Nationstar also argues that the district court erred in considering evidence outside the scope of the foreclosure mediation, erred in determining that Nationstar participated in the foreclosure mediation in bad faith, and violated Nationstar's due process rights by awarding what amounted to punitive damages. Based on our determination that the district court lacked jurisdiction to consider the petition for judicial review, these arguments are moot.