**133 Nev., Advance Opinion 35**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

|  |  |
|---|---|
| THE BOARD OF REVIEW, NEVADA DEPARTMENT OF EMPLOYMENT, TRAINING AND REHABILITATION, EMPLOYMENT SECURITY DIVISION; AND THE ADMINISTRATOR OF THE NEVADA DEPARTMENT OF EMPLOYMENT, TRAINING AND REHABILITATION, EMPLOYMENT SECURITY DIVISION, Petitioners, vs. THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE; AND THE HONORABLE SCOTT N. FREEMAN, DISTRICT JUDGE, Respondents, and MCDONALD'S OF KEYSTONE, Real Party in Interest. | No. 69499  FILED JUN 22 2017 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |

Original petition for a writ of mandamus or prohibition challenging a district court order refusing to dismiss, for lack of jurisdiction, a petition for judicial review of an unemployment benefits decision.

*Petition granted.*

Nevada Department of Employment, Training and Rehabilitation, Employment Security Division, Division of Senior Legal Counsel, and Laurie L. Trotter and Joseph L. Ward., Jr., Carson City,
for Petitioners.

The Law Offices of Charles R. Zeh, Esq., and Charles R. Zeh, Reno,
for Real Party in Interest.

---

BEFORE THE COURT EN BANC.[1]

## OPINION

By the Court, DOUGLAS, J.:

In this original writ petition, we are asked to consider whether the district court should be prevented from hearing real party in interest McDonald's of Keystone's petition for judicial review of an unemployment benefits matter, initially decided by petitioners the Board of Review and the Administrator of the Nevada Department of Employment, Training and Rehabilitation, Employment Security Division (the ESD). We conclude that pursuant to the plain language of NRS 612.530(1), the district court lacked jurisdiction to hear McDonald's petition for judicial review. Thus, we grant the petition for extraordinary relief.

## FACTS AND PROCEDURAL HISTORY

Jessica Gerry is a former employee of McDonald's. In March 2015, the Board of Review upheld a decision that awarded Gerry unemployment compensation benefits. In April 2015, McDonald's filed a petition for judicial review of the Board's decision with the district court.

---

[1]The Honorable Lidia S. Stiglich, Justice, did not participate in the decision of this matter.

However, Gerry was not personally named as a defendant either in the caption or in the body of the petition for judicial review, although her full name and address were included within an attachment to the petition for judicial review.

The ESD filed a motion to dismiss, on the ground that the caption failed to identify Gerry as a defendant, rendering the petition for judicial review defective under NRS 612.530(1). The ESD argued that because Gerry was a party to the proceedings before the Board of Review, she should have been included as a defendant in the petition. McDonald's subsequently filed an opposition to the ESD's motion to dismiss, as well as a motion to amend its petition for judicial review to add Gerry as a defendant.

Ultimately, the district court decided that the naming of all relevant parties as defendants, pursuant to NRS 612.530(1), was not a jurisdictional requirement. As a result, the district court denied the ESD's motion to dismiss and granted McDonald's motion to amend. The ESD now seeks extraordinary relief, claiming that the district court lacks jurisdiction to proceed.

## DISCUSSION

A writ of mandamus is available to compel the performance of an act that the law requires or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). Further, a writ of prohibition may be warranted when a district court acts without or in excess of its jurisdiction. NRS 34.320; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Where there is no plain, speedy, and adequate remedy in the ordinary course of

law, extraordinary relief may be available. NRS 34.170; NRS 34.330; *Smith*, 107 Nev. at 677, 818 P.2d at 851. Whether a writ of mandamus or prohibition will be considered is within this court's sole discretion. *Smith*, 107 Nev. at 677, 818 P.2d at 851. This case presents an issue of subject matter jurisdiction, necessitating our immediate consideration, and warrants discussion based on the merits. Therefore, this petition for extraordinary relief is properly before us.

Statutory construction is a matter for de novo review. *J.D. Constr., Inc. v. IBEX Int'l Grp., LLC*, 126 Nev. 366, 375, 240 P.3d 1033, 1039 (2010). If a statute is clear and unambiguous, this court gives effect to the plain and ordinary meaning of its language without examining the other rules of construction. *Id.* at 375, 240 P.3d at 1039-40. The statute at issue, NRS 612.530(1), states:

> Within 11 days after the decision of the Board of Review has become final, any party aggrieved thereby or the Administrator may secure judicial review thereof by commencing an action in the district court of the county where the employment which is the basis of the claim was performed for the review of the decision, in which action any other party to the proceedings before the Board of Review must be made a defendant.

For decades, this court has required parties to follow the express language of NRS 612.530(1). *See Caruso v. Nev. Emp't Sec. Dep't*, 103 Nev. 75, 76, 734 P.2d 224, 225 (1987). We have consistently held that the requirements of the statute are jurisdictional and mandatory. *See Kame v. Emp't Sec. Dep't*, 105 Nev. 22, 24, 769 P.2d 66, 68 (1989) (holding that the time limit for filing a petition for judicial review is jurisdictional and mandatory); *Scott v. Nev. Emp't Sec. Dep't*, 70 Nev. 555, 559, 278 P.2d

602, 604 (1954) (affirming dismissal of a petition for judicial review where petitioner had failed to file in the proper district court).

Based on the plain language of the statute, we conclude that the naming requirement must be completed as timely as the rest of the petition. On its face, this statute indicates that the action must commence in a specific district court, and that the action must include as a defendant "any other party." NRS 612.530(1). Further, the entire section begins with: "Within 11 days after the decision of the Board of Review has become final." *Id.* This clause indicates that each requirement of NRS 612.530(1) must be completed within those 11 days.

Here, in McDonald's original petition for judicial review, Gerry was not named. She was not made a defendant in the action, nor was she named in the body of the petition for judicial review. Further, the Certificate of Service does not indicate that Gerry received a copy of the petition. Her name and address were not indicated in the petition itself but merely listed within an attachment to the petition for judicial review. She was not named as a defendant in an amended petition until months after McDonald's filed its original petition for judicial review, which defeats the expedited nature of the court's review. Accordingly, McDonald's failed to follow the statutory requirements of NRS 612.530(1), thus depriving the district court of jurisdiction to hear its petition for judicial review.

## CONCLUSION

Based on the foregoing, we grant the ESD's petition for extraordinary relief. The clerk of this court shall issue a writ of prohibition directing the district court to grant the ESD's motion to dismiss the proceeding for lack of jurisdiction.

_____, J.
Douglas

We concur:

_____, C.J.
Cherry

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

SUPREME COURT
OF
NEVADA

(O) 1947A

PICKERING, J., concurring:

I concur in the decision to grant writ relief. The employer filed a petition for judicial review of an adverse unemployment benefits decision. The employee, who was a party to the agency proceedings, was not named in either the caption or the body of the petition; she has never been served, whether by the Administrator, *see* NRS 612.530(2), or the employer; and, the time for effecting service has passed. The district court should have dismissed the petition under NRS 612.530(1), which provides that, "[w]ithin 11 days after the [agency] decision . . . has become final, any party aggrieved thereby . . . may secure judicial review thereof by commencing an action in the district court . . . , *in which action any other party to the proceedings before the Board of Review must be made a defendant.*" (Emphasis added.)

I write separately only to note that the employer did not argue, and so we do not have occasion to decide, whether the failure to name a person who was a party to an agency proceeding in the caption of a petition for judicial review is jurisdictionally fatal. In that regard, I note that the rules of procedure for reviewing an administrative decision are the same as in civil cases, unless expressly provided otherwise or the civil rules conflict with the state's administrative procedure act. 2 Am. Jur. 2d. *Administrative Law* § 516 (2014); 73A C.J.S. *Public Administrative Law and Procedure* § 430 (2014); *see* NRCP 81(a). If the body of a civil complaint "correctly identifies the party being sued or if the proper person actually has been served," the defendant is adequately identified as a party to the litigation. 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1321, at 391-92 (3d ed. 2004); *see also*

NRCP 10(c) ("Statements in a pleading may be adopted by reference in a different part of the same pleading .... A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). It follows that a defendant not named in the caption of a petition for judicial review may still be a party to the action if named in the petition or its exhibits and properly served.

Many petitions for judicial review of adverse agency actions are filed by individuals who do not have a lawyer. I do not want to foreclose our consideration, in an appropriate case, of the holding in *Green v. Iowa Department of Job Services*, 299 N.W.2d 651, 654 (Iowa 1980), which allowed a petition for judicial review to proceed—even though the employee did not name the employer in the caption of the petition—where the employee timely served the employer and the petition incorporated and attached the agency decision, which did name the employer. *See Sink v. Am. Furniture Co.*, No. 1160-88-3, 1989 WL 641960, at *1-2 (Va. Ct. App. 1989) (concluding that a failure to name a respondent in the caption did not invalidate the petition because respondent was mentioned in body of the petition and the prayer for relief).

_____, J.
Pickering