# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 15th day of August, 2024.*

Present: All the Justices

KEVIN JOHNSON, A/K/A
OLANDO LEE TRENT,                                                                                   PETITIONER,

against          Record No. 240012

CLERK, WISE COUNTY CIRCUIT COURT, ET AL.,                             RESPONDENTS.

UPON A PETITION FOR A WRIT OF MANDAMUS

Upon consideration of the petition for a writ of mandamus filed January 5, 2024, the rule to show cause, the respondents' responses, petitioner's reply, and the "Notice of Correction," filed by the Clerk of the Sussex County General District Court, the Court is of the opinion that the petition should be dismissed in part and granted in part.

Petitioner, a Virginia Department of Corrections inmate, seeks a writ of mandamus directed to the Clerk of the Circuit Court for Wise County, Dezarah J. Hall, and the Clerk of the General District Court for Sussex County, Faye Yelverton. Petitioner contends Hall and Yelverton are refusing to file and docket certain pleadings he submitted, and he asks this Court to direct the respondents to file his pleadings. For the following reasons, we hold the writ does not lie as to Hall, but that petitioner is entitled to a writ of mandamus directed to Yelverton.

In his first claim, petitioner alleges he mailed two new civil actions, each accompanied by money orders, to the Circuit Court for Wise County. Hall refused to file the pleadings because the money orders submitted by petitioner were insufficient to pay the court's filing fees. Petitioner asks this Court to direct Hall to file his pleadings.

The Court holds the writ of mandamus does not lie. "Mandamus is an extraordinary remedy employed to compel a public official to perform a purely ministerial duty imposed upon him by law." *Richlands Med. Ass'n v. Commonwealth*, 230 Va. 384, 386 (1985). Because petitioner's money orders were insufficient to pay the filing fees, Hall had no duty to file his pleading. *See* Code § 17.1-275(A)(13) (describing fees for civil actions seeking money damages in circuit court and providing that those fees "shall be collected upon the filing of papers for the

commencement of civil actions"); *Landini v. Bil-Jax, Inc.*, No. 140591, 2015 Va. Unpub. LEXIS 1, at \*2-3 (Jan. 30, 2015) (holding library fee and fees assessed in Code § 17.1-275(A)(13) must be paid at the time of filing and thus civil action not timely filed where all required fees were not tendered until after limitations period expired). Accordingly, because petitioner cannot establish Hall had a ministerial duty to file his pleadings, he is not entitled to the relief he seeks. Therefore, the petition is dismissed as to the Circuit Court Clerk.

In his second claim, petitioner alleges he mailed to the General District Court for Sussex County a motion for judgment seeking money damages and an affidavit in forma pauperis (IFP) stating he was claiming IFP status and seeking to file the action without payment of fees. He affirmed under oath that he was eligible for IFP status, and he stated he had zero total assets. The motion for judgment and IFP affidavit were accompanied by an inmate trust account statement covering the period from October 1, 2023, through November 1, 2023.

Yelverton received petitioner's motion for judgment, but because petitioner did not provide his inmate trust account statements for the proceeding twelve months, as required by Code § 8.01-691, she refused to file the pleading. Instead, Yelverton advised petitioner of the need to file inmate trust account statements for the proceeding twelve months. Petitioner contends Yelverton had a ministerial duty to file his pleading. Under the facts and circumstances of this case, we agree.

District court clerks have a ministerial duty to file pleadings without passing judgment on their validity. *See* Code § 16.1-86 ("A civil action on a motion for judgment . . . shall be deemed brought on the day on which the motion is filed with the court."); Code § 16.1-82 (providing that "[t]he plaintiff shall file with the clerk of the court an original motion for judgment and as many copies as there are defendants upon whom it is to be served, with the proper fees" and such documents "shall then be delivered to the sheriff or other person for service."); *see also Clay v. Yates*, 809 F. Supp. 417, 424 (E.D. Va. 1992) (recognizing filing of pleadings as a ministerial duty of a clerk); *Bowman v. Eighth Jud. Dist. Ct.*, 728 P.2d 433, 435 (Nev. 1986) ("The clerk has a ministerial duty to accept and file documents. She has no authority to pass upon the validity of instruments presented for filing.").[1]

---

[1] Yelverton contends a district court judge denied petitioner's request to proceed IFP, but the record demonstrates he simply directed her to request the rest of petitioner's inmate trust account statements.

Code § 8.01-691, part of the Virginia Prisoner Litigation Reform Act and applicable to petitioner's civil action when he attempted to file it, provides that a court may allow a prisoner who is a plaintiff in a civil action to sue without paying fees or costs, provided he has had no deposits in his inmate trust account for the preceding six months. While Code § 8.01-691 requires a prisoner seeking IFP status to "provide the court with a certified copy of his inmate trust account for the preceding twelve months," it does not require the submission of the trust account statement at the time of filing or otherwise provide the tendered action will not be filed without the trust account statement.[2] Accordingly, Yelverton had a ministerial duty to file petitioner's motion for judgment when it was tendered. Whether the petitioner had the right to proceed IFP was for the district court to thereafter determine.

Therefore, petitioner shall return his previously tendered motion for judgment and IFP application to the court (if said pleadings were returned to him), and a writ of mandamus is issued directing Yelverton to receive and immediately file the action.

This order shall be published in the Virginia Reports and the Clerk of this Court shall certify copies of this order to the petitioner, to the respondents, and to counsel for the respondents, which certification shall have the same force and effect as if a writ of mandamus were formally issued and served.

A Copy,

Teste:

Clerk

---

[2] In contrast, prisoners seeking to file habeas petitions must submit either the filing fee or the proper documentation for attaining IFP status before their petition will be filed because Code § 8.01-655(B) specifically mandates it. *See* Code 8.01-655(B) (a habeas petition "will not be filed without payment of court costs unless the petitioner is entitled to proceed in forma pauperis and has executed the affidavit in forma pauperis").

3