HARRIET COPELAND, Appellant, v. DESERT INN HOTEL and SUMMA CORPORATION and HUGHES (AVIATION) AIR CORPORATION, Respondents.

No. 13133

December 19, 1983                    673 P.2d 490

[Rehearing denied February 23, 1984]

*Terry & Winter,* Carson City, for Appellant.

*Lionel, Sawyer & Collins,* and *Malani L. Kotcha,* and *Andrew S. Brignone,* Las Vegas, for Respondents.

---

## OPINION

*Per Curiam:*

This is an appeal from a district court order dismissing appellant's complaint with prejudice. We reverse the order dismissing the complaint, in part, and remand for further proceedings.

Appellant brought a complaint in district court on July 15, 1980, and filed an amended complaint on August 21, 1980. The first cause of action in the amended complaint alleged a violation of NRS 613.330(1).[1] The second cause of action alleged violations of sections 503-505 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 793-794a. (Supp. V 1981).

[1] NRS 613.330(1) provides that it is an unlawful employment practice for an employer to discharge any person because of a physical handicap.

The district court dismissed the amended complaint with prejudice on November 26, 1980. Matters outside the pleadings were presented to and not excluded by the district court. The motion was therefore treated as one for summary judgment. *See* NRCP 12(b), 56.

Appellant's affidavit, submitted in opposition to the motion to dismiss, stated that appellant was hired by respondents on March 16, 1979, and was terminated on April 3, 1979. The affidavit also indicated that appellant visited the offices of the Nevada Equal Rights Commission (NERC) for the purpose of filing a complaint of discrimination within the applicable statutory period. The affidavit further indicated that a NERC representative was told the relevant facts, whereupon he informed appellant that he would "get back to" her. Additionally, appellant stated that she was never informed that she was required to complete any forms or sign any statements in order to file a complaint. The affidavit detailed appellant's other efforts to obtain relief, including the pursuit of a complaint to the United States Department of Labor. Finally, the affidavit indicated that appellant later returned to the NERC and was told that "there was nothing the [NERC] could do" for her.

The district court did not include findings of fact and conclusions of law with its order, but the record indicates that the dismissal of the first cause of action was based upon appellant's purported noncompliance with the applicable limitations period.

NRS 613.420 grants to any person injured by an unfair employment practice within the scope of NRS 613.310 to 613.400, inclusive, the right to apply to the district court for an order restoring any rights to which the person is entitled under those provisions. NRS 613.430 prohibits the bringing of such actions after 180 days from the date of the act complained of, but tolls the running of that period during the pendency of any complaint made to the NERC.

Appellant contends that the district court erred in dismissing her complaint because the allegations contained in her affidavit raised genuine issues of material fact. We agree.

This court has repeatedly held that trial courts should exercise great care in granting summary judgment. *See, e.g.,* Mullis v. Nevada National Bank, 98 Nev. 510, 654, P.2d 533 (1982). Pleadings and documentary evidence must be construed most favorably to the party against whom the motion is made. *Id.* Summary judgment is only appropriate when the pleadings and papers on file show that there is no genuine issue of fact, and that the moving party is entitled to judgment as a matter of law. Hicks v. BHY Trucking, Inc., 99 Nev. 519, 665 P.2d 253 (1983).

The federal courts have considered questions similar to those presented in this appeal while dealing with complaints to the United States Equal Employment Opportunity Commission (EEOC). Recently, the United States Supreme Court has ruled that filing a timely claim with the EEOC is not a jurisdictional prerequisite to a federal suit, but "a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (footnote omitted). The holding in *Zipes* is consistent with earlier federal cases that recognized the doctrine of equitable tolling of limitations periods. *See, e.g.,* Chappell v. EMCO Mach. Works Co., 601 F.2d 1295 (5th Cir. 1979). Federal courts, looking to the "remedial and humanitarian underpinnings of Title VII," have been reluctant to allow "procedural technicalities" to bar discrimination claims. *See* Sanchez v. Standard Brands, Inc., 431 F.2d 455, 460-64 (5th Cir. 1970). *See also* Love v. Pullman Co., 404 U.S. 522 (1972); Heiniger v. City of Phoenix, 625 F.2d 842 (9th Cir. 1980); Truvillion v. King's Daughters Hospital, 614 F.2d 520 (5th Cir. 1980); B. Schlei & P. Grossman, Employment Discrimination Law 1013-16 (2d ed. 1983); Empl. Prac. Guide (CCH) ¶ 1939 [1982].

We approve of the general reasoning of the above authorities. Like their federal counterparts, the Nevada anti-discrimination statutes have laudable goals and will be broadly construed. We therefore adopt the doctrine of equitable tolling in this context; procedural technicalities that would bar claims of discrimination will be looked upon with disfavor.

Without limiting or restricting the application of the doctrine of equitable tolling, we note that there are several factors which have been mentioned by the above authorities in determining whether the doctrine should apply in a given case. Those factors include: the diligence of the claimant; the claimant's knowledge of the relevant facts; the claimant's reliance on authoritative statements by the administrative agency that misled the claimant about the nature of the claimant's rights; any deception or false assurances on the part of the employer against whom the claim is made; the prejudice to the employer that would actually result from delay during the time that the limitations period is tolled; and any other equitable considerations appropriate in the particular case.

Given this court's recognition of the doctrine of equitable tolling, it appears that genuine issues of material fact remained before the district court and that summary judgment was therefore inappropriate. *See* Hicks v. BHY Trucking, Inc., *supra* (summary judgment improper regarding timeliness of shipping claim); Casarotto v. Mortensen, 99 Nev. 392, 663 P.2d 352 (1983) (dispute as to intent precludes summary judgment).

With regard to appellant's second cause of action, counsel for appellant virtually conceded at oral argument that there is no private cause of action under section 503 of the Rehabilitation Act of 1973. Appellant invoked other statutes in her second cause of action, but we are not persuaded that the district court erred in dismissing it.

Accordingly, the order of the district court dismissing the complaint is reversed as to appellant's first cause of action, and affirmed as to appellant's second cause of action. We note that the NERC has never adjudicated appellant's claim on its merits. Accordingly, we remand to the district court for an evidentiary hearing to determine whether the doctrine of equitable tolling applies in this instance. Should the district court determine that the doctrine is applicable, it shall enter an appropriate order requiring the NERC to adjudicate appellant's claim of discrimination.

Affirmed in part; reversed in part and remanded; costs awarded to appellant.