An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

LORI IRISH,
Appellant,
vs.
JAMES GORMLEY,
Respondent.

No. 62511

**FILED**

MAY 2 0 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a pro se appeal from a post-divorce decree district court order concerning property rights under a trust created for the benefit of the parties' child. Eighth Judicial District Court, Family Court Division, Clark County; Vincent Ochoa, Judge.

After the divorce decree was entered, and as a result of a stipulated order, respondent created the Colby Gormley Irish Irrevocable Trust (Colby Trust) for the benefit of the parties' child. In 2008, the trustee of the Colby Trust requested the court confirm that the trust owned Mat-Su Dental. Appellant opposed the motion and after a hearing the district court entered the September 16, 2008, order concluding that the Colby Trust owned Mat-Su Dental. The court, however, reserved appellant's right to prove that Mat-Su Dental was illegally transferred from her to the Colby Trust. Four years later, appellant filed a motion requesting, among other things, that the district court determine that she owns Mat-Su Dental, which the district court denied. This appeal followed.

Having considered the pro se opening brief and the record on appeal, we conclude that the district court did not abuse its discretion in denying appellant's motion to set aside its previous order concluding that

15-15441

the Colby Trust owned Mat-Su Dental.[1] *Cook v. Cook*, 112 Nev. 179, 181-82, 912 P.2d 264, 265 (1996) (providing that this court will review an order regarding an NRCP 60(b) motion to set aside a judgment for an abuse of discretion); *Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (explaining that this court will affirm a district court's order if the district court reached the correct result, even if for the wrong reason). A motion to set aside an order as a result of fraud must be filed within 6 months. NRCP 60(b). Appellant did not timely bring her request for relief from the 2008 order and her claim that the six-month period of time to bring the motion was tolled while she was in prison is without merit because she was aware of her rights and she had previously pursued those rights. *See Copeland v. Desert Inn Hotel*, 99 Nev. 823, 826, 673 P.2d 490, 492 (1983) (describing when a statute of limitations may be equitably tolled). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____

[1]While appellant did not present her motion under NRCP 60(b), because appellant was seeking to set aside the 2008 order as a result of fraud and the district court denied her request in part because the time period to file an NRCP 60(b) motion had run, we review this appeal as an appeal from an order denying a motion to set aside an order under NRCP 60(b). *See Lee v. GNLV Corp.*, 116 Nev. 424, 427, 996 P.2d 416, 418 (2000) (explaining that this court will look past labels to determine what the order actually does instead of what it is called).

cc: Hon. Vincent Ochoa, District Judge
Lori Irish
Black & LoBello
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A