NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRACEY L. BROWN,<br><br>          Plaintiff-Appellant,<br><br>   v.<br><br>GARY TORSKY, Metro Police Department / Officer; GORDON MARTINES, Metro Police Department / Officer; LAS VEGAS METROPOLITAN POLICE DEPARTMENT; ANTHONY BROWN; CLARK COUNTY NEVADA; DOUGLAS C. GILLESPIE; JAMES BUCZEK, Metro Police Department / Officer,<br><br>          Defendants-Appellees. | No.   14-16358<br><br>D.C. No.<br>2:12-cv-00173-JCM-GWF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted July 6, 2016
San Francisco, California

Before: SILVERMAN, and NGUYEN, Circuit Judges, and GARBIS,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Marvin J. Garbis, United States District Judge for the District of Maryland, sitting by designation.

Tracey Brown appeals the district court's dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) of federal and state claims relating to a search of his home that Las Vegas Metropolitan Police Department officers conducted in 2005. Specifically, Brown argues that his claims under 42 U.S.C. §§ 1983 and 1985 and Nevada state law for malicious prosecution should survive dismissal due to the doctrine of equitable tolling. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

The parties agree on appeal that Brown's §§ 1983 and 1985 claims and his claim for malicious prosecution under Nevada state law are all subject to two-year statutes of limitations. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989); Nev. Rev. Stat. 11.190(4)(c); Nev. Rev. Stat. 11.190(4)(e). They also agree that these claims accrued no later than August 3, 2009, the date on which the Nevada Supreme Court overturned his initial state conviction due to the illegality of the 2005 search. *See Wallace v. Kato*, 549 U.S 384, 389-90 (2007). Brown's claims are untimely because he first filed them on February 1, 2012, more than two years after the accrual date, and the factors primarily relied on by Nevada courts weigh against the application of

---

[1] We grant Brown's unopposed request for judicial notice.

equitable tolling. *See Copeland v. Desert Inn Hotel*, 673 P.2d 490, 492 (Nev. 1983) (per curiam) (listing as six non-exhaustive factors: claimant's diligence, claimant's knowledge of relevant facts, claimant's reliance on misleading authoritative statements by an administrative agency, deception by the defendants, prejudice to opposing party, and any other equitable considerations); *State Dep't of Taxation v. Masco Builder Cabinet Grp.*, 265 P.3d 666, 671 (Nev. 2011).

Brown alleges that he was confused by the fact that the state continued to pursue criminal proceedings against him even after his conviction was reversed, and that the statute of limitations should be tolled until April 13, 2010, when he entered a plea that ultimately resolved the proceedings. But Brown cannot establish diligence because the Nevada State Court made clear that the 2005 search was "unlawful" and that evidence from it could not be used in any future proceeding months before Brown's plea date, and Brown offers no examples of actions that he actually took to attempt to address his confusion. Brown's argument that the defendants would not be prejudiced does not, standing alone, support equitable tolling here, particularly where the balance of the remaining *Copeland* factors weigh against him. *See* 673 P.2d at 492.

**AFFIRMED.**

3