**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

DEC 29 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN T. WASHINGTON, | No. 17-16031 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00229-JCM-VCF |
| v. | |
| UNITED STATES OF AMERICA; EUGENE P. LIBBY, D.O. A Professional Corporation, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted December 18, 2017[**]

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

John T. Washington appeals pro se from the district court's judgment

dismissing his medical malpractice action under the Federal Tort Claims Act

("FTCA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

district court's dismissal under Fed. R. Civ. P. 12(b)(6). *Ebner v. Fresh, Inc*., 838 F.3d 958, 962 (9th Cir. 2016). We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

Dismissal of Washington's state law claims was proper because Washington's action was filed more than one year after he discovered his claim, and Washington has failed to demonstrate that he is entitled to either statutory or equitable tolling. *See* Nev. Rev. Stat. §41A.097(2)-(3) (setting forth one-year limitation period after discovery of professional negligence claim and statutory tolling for concealment of evidence); *Copeland v. Desert Inn Hotel*, 673 P.2d 490, 492 (Nev. 1983) (listing non-exhaustive factors considered for equitable tolling).

Contrary to Washington's contention, the United States was not properly served, and we do not consider the merits of Washington's claims against the United States.

We do not consider arguments and allegations raised for the first time on appeal, s*ee Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009), or documents not presented to the district court, *see United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

**AFFIRMED.**