137 Nev., Advance Opinion 11

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JAQUELINE FAUSTO, AN INDIVIDUAL,<br>Appellant,<br>vs.<br>RICARDO SANCHEZ-FLORES, AN INDIVIDUAL; AND VERENICE RUTH FLORES, AN INDIVIDUAL,<br>Respondents. | No. 80074<br><br>FILED<br><br>MAR 11 2021<br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>CHIEF DEPUTY CLERK |

Appeal from a district court order dismissing a tort action on statute of limitations grounds. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

*Affirmed.*

Hutchison & Steffen, LLC, and Jason D. Guinasso, Joseph R. Ganley, and Alexander R. Velto, Reno,
for Appellant.

The Wright Law Group and John Henry Wright, Las Vegas,
for Respondents.

_____

BEFORE HARDESTY, C.J., PARRAGUIRRE and CADISH, JJ.

*OPINION*

By the Court, HARDESTY, C.J.:

In this appeal, we consider whether the two-year limitations period of NRS 11.190(4)(e) for commencing actions to recover for personal injuries or wrongful death is subject to equitable tolling. We conclude that

21-07061

it is, and thus, equitable tolling may apply in such cases when the plaintiff demonstrates reasonable diligence in pursuing his or her claims and extraordinary circumstances that prevented him or her from timely filing the complaint. Under this standard, we further conclude that appellant Jaqueline Fausto failed to demonstrate that her circumstances warrant equitable tolling of NRS 11.190(4)(e), and we thus affirm the district court's dismissal of her complaint.

## FACTS AND PROCEDURAL HISTORY

On July 2, 2019, Fausto filed a civil torts complaint alleging that on December 30, 2016, after an evening out with respondents Ricardo Sanchez-Flores and his then-wife Verenice Ruth Flores (collectively, Sanchez-Flores) to celebrate a professional accomplishment, Ricardo took advantage of Fausto's intoxicated state to sexually assault her. Fausto further alleged that Verenice was aware of the sexual assault but drove her home without revealing her knowledge. Fausto stated that the day after the assault occurred, she went to the doctor to complete a rape kit and, days later, she reported the crime to the police. Four months after she reported the assault, the police collected the unwashed clothes that she had been wearing on the night of the alleged assault. Fausto asserted it was not until February 2, 2019, that she was notified that the rape kit and unwashed clothing had been processed by the lab and that Ricardo's DNA was found on her clothing. A criminal complaint was filed against Ricardo thereafter.

Because Fausto's civil complaint was filed two and a half years after the alleged sexual assault occurred, Sanchez-Flores filed an NRCP 12(b)(5) motion to dismiss based on NRS 11.190(4)(e), which imposes a two-year limitations period for personal injury and wrongful death claims. In opposition, Fausto argued that the two-year statute of limitations should be

tolled because she could not have brought her claims before she received the rape kit results.

The district court granted Sanchez-Flores's motion, finding that Fausto's complaint was time-barred because she filed it over six months after the two-year statute of limitations had expired. The district court further found that equitable tolling of the statute of limitations did not apply because Fausto knew of the underlying facts of her tort claims during the limitations period and was not prevented from obtaining other information necessary to her claims despite the delayed processing of her rape kit. This appeal followed.

## DISCUSSION

Fausto argues that the district court erred in finding that equitable tolling was not warranted. She asks this court to clarify that NRS 11.190(4)(e) is subject to equitable tolling and to adopt the federal standard for determining when equitable tolling applies. Fausto asserts that the federal standard would provide Nevada district courts with a standard more generally workable than the one we applied in *Copeland v. Desert Inn Hotel*, 99 Nev. 823, 826, 673 P.2d 490, 492 (1983) (adopting equitable tolling in the employment discrimination context), but regardless, the limitations period for her tort claims should have been tolled under either standard.

We generally review a dismissal for failure to state a claim pursuant to NRCP 12(b)(5) de novo, treating all alleged facts in the complaint as true and drawing all inferences in favor of the complainant. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008). However, when the district court is presented with and does not exclude matters outside the pleadings in making its decision, "the motion must be treated as one for summary judgment." NRCP 12(d). Because the parties submitted exhibits containing matters outside the

Supreme Court
OF
Nevada

(O) 1947A

3

pleadings and the district court did not exclude those exhibits, we treat the dismissal order as an order granting summary judgment, which we also review de novo. *Winn v. Sunrise Hosp. & Med. Ctr.*, 128 Nev. 246, 252, 277 P.3d 458, 462 (2012). Summary judgment is proper if "the pleadings and other evidence on file demonstrate that no genuine issue as to any material fact [remains] and that the moving party is entitled to a judgment as a matter of law." *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (alteration in original) (internal quotation marks omitted). All evidence "must be viewed in a light most favorable to the nonmoving party." *Id.* Neither party disputes the facts in the record, nor does either party maintain that there are genuine issues of material fact precluding summary judgment.[1] Instead, each party presents legal arguments on the basis of the facts in the record as to whether Fausto's tort claims are entitled to equitable tolling.

*NRS 11.190(4)(e) is subject to equitable tolling*

NRS 11.190(4)(e) provides a two-year limitations period for "an action to recover damages for injuries to a person or for the death of a person caused by the wrongful act or neglect of another." The two-year period for filing suit under NRS 11.190(4)(e) begins to run "when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen*, 106 Nev. 271, 274, 792 P.2d 18, 20 (1990). Fausto does not dispute on appeal that she filed her complaint after the limitations period expired.

---

[1]While Fausto argues that the district court should have denied Sanchez-Flores's motion to dismiss to allow for discovery, she relies solely on her purported need for the results of the DNA test to identify Ricardo as the alleged assailant. But, by her own admission, she already knew that he was her attacker. Thus, in this case, additional discovery has no bearing on whether NRS 11.190(4)(e) should be tolled to render Fausto's claims timely.

Rather, she contends that the limitations period should be equitably tolled because she was unable to obtain evidence necessary to her claims during the limitations period.

We have not previously determined whether NRS 11.190(4)(e) may be equitably tolled. The doctrine of equitable tolling is a nonstatutory remedy that permits a court to suspend a limitations period and allow an otherwise untimely action to proceed when justice requires it. *See* 51 Am. Jur. 2d *Limitation of Actions* § 153 (2021 update). A statute of limitations such as NRS 11.190(4)(e) is primarily intended "to '[prevent] surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.'" *Petersen*, 106 Nev. at 273, 792 P.2d at 19 (alteration in original) (quoting *Order of R.R. Telegraphers v. Ry. Express Agency, Inc.*, 321 U.S. 342, 348-49 (1944)). Because the main purpose of a statute of limitations "is to encourage the plaintiff to pursu[e] his rights diligently, . . . when an extraordinary circumstance prevents him from bringing a timely action, the restriction imposed by the statute of limitations does not further the statute's purpose." *CTS Corp. v. Waldburger*, 573 U.S. 1, 10 (2014) (internal quotation marks omitted). Accordingly, it is "presume[d] that equitable tolling applies if the period in question is a statute of limitations and if tolling is consistent with the statute." *Lozano v. Montoya Alvarez*, 572 U.S. 1, 11 (2014); *see also United States v. Kwai Fun Wong*, 575 U.S. 402, 407 (2015) ("[W]e recognize[ ] that time bars in suits between *private* parties are presumptively subject to equitable tolling."); *see also* 54 C.J.S. *Limitations of Actions* § 132 (2021 update) ("Limitations periods are customarily subject to equitable tolling unless tolling would be inconsistent with the text of the relevant statute.").

When determining whether a statute is subject to equitable tolling, "the inquiry begins with the understanding that [the Legislature] legislate[s] against a background of common-law adjudicatory principles." *Lozano*, 572 U.S. at 10 (second alteration in original) (internal quotation marks omitted). We first adopted the doctrine of equitable tolling in the context of employment discrimination claims in *Copeland*. 99 Nev. at 826, 673 P.2d at 492. Notably, we left open the possibility of applying equitable tolling in other contexts. *Id.* Since *Copeland*, this court has applied the equitable tolling doctrine to other statutes of limitations. For example, in *State, Department of Taxation v. Masco Builder Cabinet Group*, this court affirmed a district court's decision to equitably toll the deadline under NRS 372.635 for a taxpayer refund claim. 127 Nev. 730, 738-40, 265 P.3d 666, 671-73 (2011). Similarly, in *City of North Las Vegas v. State, Local Government Employee-Management Relations Board*, this court affirmed a district court's decision to equitably toll NRS 288.110(4)'s six-month deadline for filing a complaint asserting prohibited labor practices against a local government agency. 127 Nev. 631, 641, 261 P.3d 1071, 1077 (2011). And in *O'Lane v. Spinney*, we recognized that the doctrine of equitable tolling could pertain to the deadline for enforcing judgments under NRS 11.190(1). 110 Nev. 496, 501, 874 P.2d 754, 757 (1994).

Based on our evolving expansion of the equitable tolling doctrine to other similar statutes of limitations and the presumption that the Legislature legislates with common law principles like equitable tolling in mind, we see no reason to reject its application to NRS 11.190(4)(e). *See Saint Francis Mem'l Hosp. v. State Dep't of Pub. Health*, 467 P.3d 1033, 1037 (Cal. 2020) ("Courts draw authority to toll a filing deadline from their inherent equitable powers—not from what the Legislature has declared in

any particular statute."). Therefore, we elect to expand our application of the equitable tolling doctrine and hold that NRS 11.190(4)(e) is subject to equitable tolling.

*The standard for equitable tolling as it relates to NRS 11.190(4)(e)*

Having concluded that NRS 11.190(4)(e) is subject to equitable tolling, we turn our attention to the appropriate standard for its application to the limitations period in this statute. In *Copeland*, this court set forth nonexclusive factors to consider when determining whether equitable tolling is appropriate:

> the diligence of the claimant; the claimant's knowledge of the relevant facts; the claimant's reliance on authoritative statements by the administrative agency that misled the claimant about the nature of the claimant's rights; any deception or false assurances on the part of the employer against whom the claim is made; the prejudice to the employer that would actually result from delay during the time that the limitations period is tolled; and any other equitable considerations appropriate in the particular case.

99 Nev. at 826, 673 P.2d at 492. Fausto points out that several of these factors—primarily the plaintiff's reliance on statements by an administrative agency and the employer's deception—do not readily apply to nonadministrative agency cases. For this reason, Fausto urges this court to adopt the federal standard for equitable tolling, claiming that the federal standard is more broadly applicable than the factors set forth in *Copeland*. However, while Fausto correctly asserts that some of the *Copeland* factors are specific to the context of that case, other factors—diligence of the claimant and any "equitable considerations appropriate in the particular case"—are generally applicable to tort-based claims barred by NRS 11.190(4)(e). Moreover, consistent with the federal equitable tolling

doctrine and other jurisdictions' equitable tolling jurisprudence, we have required plaintiffs to at least demonstrate that, despite their exercise of diligence, extraordinary circumstances beyond their control prevented them from timely filing their claims. *See Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (stating that under the federal standard a claimant seeking equitable tolling must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way" (internal quotation marks omitted)); *see also Weaver v. Firestone*, 155 So. 3d 952, 957-58 (Ala. 2013) (stating that "equitable tolling is available in extraordinary circumstances that are beyond the petitioner's control and that are unavoidable even with the exercise of diligence" (internal quotation marks omitted)).

For example, we have explained that the focus of equitable tolling is "whether there was *excusable delay* by the plaintiff." *City of N. Las Vegas*, 127 Nev. at 640, 261 P.3d at 1077 (emphasis added) (internal quotation marks omitted). And we have indicated that equitable tolling applies when the claimant has demonstrated diligence. *See Masco*, 127 Nev. at 739, 265 P.3d at 672. Accordingly, having already recognized these factors in our own equitable tolling jurisprudence, we do not find it necessary to adopt the federal standard and instead direct courts to consider the relevant *Copeland* factors when determining whether to equitably toll NRS 11.190(4)(e). Thus, when a plaintiff seeks to equitably toll the limitations period in NRS 11.190(4)(e), the plaintiff must demonstrate that he or she acted diligently in pursuing his or her claim and that

extraordinary circumstances beyond his or her control caused his or her claim to be filed outside the limitations period.[2]

*Fausto failed to meet the relevant equitable tolling factors under* Copeland

We now must determine whether Fausto has demonstrated that her circumstances warrant the application of equitable tolling to render her claims timely. Fausto argues that NRS 11.190(4)(e) should be equitably tolled because the State's delay in processing her rape kit meant that she lacked the necessary evidence to file her complaint before the statute of limitations ran. Fausto asserts she could not confirm that Ricardo sexually assaulted her without the rape kit results.

Sanchez-Flores, however, argues that equitable tolling is inapplicable because Fausto knew of the facts underlying her claims and did not need the rape kit results to assert her claims before the limitations period ended. We agree and conclude that Fausto failed to demonstrate that equitable tolling is warranted in this case.

*Diligence*

First, the record shows that Fausto did not act diligently in bringing her claims. Fausto reported the facts of the sexual assault to the police in January 2017 yet did not seek counsel or assert her claims until

---

[2]While *Copeland* also included the plaintiff's knowledge of the facts as a factor, this factor relates more to the discovery-rule exception than it does to equitable tolling. *See Petersen v. Bruen*, 106 Nev. 271, 274, 792 P.2d 18, 20 (1990) (explaining that "[t]he general rule concerning statutes of limitation is that a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought," but that the discovery rule is an exception to this general rule for accrual and that when applied, it tolls the statute of limitations period "until the injured party discovers or reasonably should have discovered facts supporting a cause of action").

two and a half years later. Though she contends that she needed the results of the rape kit test to prove her claims, she fails to demonstrate how she proactively pursued the rape kit results or that it was impossible for her to assert her civil claims absent those results. She made no inquiry into the status of the DNA results, and she made no attempt to file a complaint pending receipt of the test results. *Cf. City of N. Las Vegas*, 127 Nev. at 640-41, 261 P.3d at 1077 (determining that the claimant exercised diligence where he asserted his claims less than two months after discovering the facts underlying the claims). Therefore, we conclude that Fausto has failed to show that she acted in a diligent manner.[3]

*Extraordinary circumstances*

Moreover, Fausto has failed to demonstrate extraordinary circumstances that prevented her from filing her complaint. We reject Fausto's contention that without the rape kit results, "there was nothing to support [her] testimony." Fausto was not required to have DNA evidence

---

[3]Fausto's arguments below and on appeal seem to conflate the discovery rule with the equitable tolling doctrine. *Compare Petersen*, 106 Nev. at 274, 792 P.2d at 20 ("Under the discovery rule, the statutory period of limitations is tolled until the injured party discovers or reasonably should have discovered facts supporting a cause of action."), *with Nicole B. v. Sch. Dist. of Phila.*, 237 A.3d 986, 995 (Pa. 2020) ("[T]he doctrine of equitable tolling [extends] a statute of limitations when a party, through no fault of its own, is unable to assert its right in a timely manner." (second alteration in original) (internal quotation marks omitted)). The district court rejected Fausto's contention that the discovery rule applied and that she could not discover the facts of her claims within the limitations period. Fausto does not challenge this determination or dispute the district court's finding on the accrual date of her claims. Thus, the application of the discovery rule is not before us.

before filing her civil complaint, and she could have amended her complaint, if necessary, after receiving the rape kit results. *See* NRCP 8; NRCP 15. Although Fausto now argues that sexual assault victims assume that they are wrong about having been assaulted when they do not get rape kit results back and that she needed the results to confirm Ricardo had sexually assaulted her, Fausto did not allege below that she had doubts about her sexual assault because of the delay in processing the rape kit.[4] Rather, the record shows that she completed a rape kit the day after the alleged assault, filed two police reports within the following days, and notably, told Verenice in a text-message exchange four months later that she knew that Ricardo had sexually assaulted her that night. Thus, Fausto knew of the facts

---

[4]We acknowledge that the State's severe backlog of processing rape kits has caused serious delays in the prosecution of these cases, which in part led to the passage of A.B. 142 during the 2019 legislative session. *See* 2019 Nev. Stat., ch. 263, § 2, at 1498-99 (eliminating the statute of limitations period for the criminal prosecution of sexual assault crimes where there is DNA evidence); *see also* Hearing on A.B. 142 Before the Senate Comm. on Judiciary, 80th Leg. (Nev., May 3, 2019) (statement of Assemblywoman Lisa Krasner acknowledging that in 2015 over 8,000 rape kits were untested). In light of these delays and the psychological trauma that sexual assault victims experience, we recognize that there may be circumstances under which a sexual assault victim who alleges that he or she was unable to confirm the identity of the assailant may meet the requirements for equitable tolling. *See, e.g.*, *Weaver v. Firestone*, 155 So. 3d 952, 962 (Ala. 2013) (explaining that a reasonably diligent plaintiff should timely file a Doe complaint when possible, but recognizing that "'where the facts are such that even discovery cannot pierce a defendant's intentional efforts to conceal his identity, the plaintiff should not be penalized'" (emphasis omitted) (quoting *Bernson v. Browning-Ferris Indus. of Cal., Inc.*, 873 P.2d 613, 619 (Cal. 1994))). However, in this case, Fausto's allegation that she did not know that Ricardo assaulted her is belied by her own complaint, which indicates that she told Verenice, Ricardo's wife, that she knew that he had assaulted her that night.

underlying her claims, and therefore, the lack of test results did not preclude her from filing her complaint. *Cf. City of N. Las Vegas*, 127 Nev. at 636, 640, 261 P.3d at 1074-75, 1077 (holding that equitable tolling was appropriate where the plaintiff did not know of his employer's disparate treatment of another employee until approximately two months prior to filing his complaint). Accordingly, we conclude that extraordinary circumstances did not prevent Fausto from timely asserting her claims against Sanchez-Flores.

## CONCLUSION

We hold that the doctrine of equitable tolling may apply to NRS 11.190(4)(e) where the plaintiff demonstrates diligence in pursuing his or her claims and that some extraordinary circumstance prevented the plaintiff from bringing a timely action. Applying that standard here, we conclude that Fausto failed to demonstrate diligence or that an equitable circumstance prevented her from asserting her claims during the limitations period. As a result, the district court correctly determined that equitable tolling was not warranted and that Fausto's claims were time-barred under NRS 11.190(4)(e). Accordingly, we conclude that the district court did not err by dismissing Fausto's complaint, and we thus affirm the district court's order.

_____, C.J.
Hardesty

We concur:

_____, J.
Parraguirre

_____, J.
Cadish