# IN THE SUPREME COURT OF THE STATE OF NEVADA

FREDERICK VONSEYDEWITZ,
Appellant,
vs.
LAS VEGAS METROPOLITAN POLICE
DEPARTMENT,
Respondent.

No. 82900

FILED

SEP 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order granting a motion to dismiss in an action seeking return of seized personal property.[1] Eighth Judicial District Court, Clark County; Nadia Krall, Judge.

In June 2010, appellant pleaded guilty to criminal charges, resulting in consecutive sentences of 8 to 20 years. Appellant was released from prison in September 2019, and in December 2020, he filed an NRS 179.085(1) complaint seeking return of property seized in investigating the charges. The district court granted respondent's motion to dismiss, concluding that NRS 11.190(5)(a)'s one-year statute of limitations barred appellant's claim, which accrued in early 2009 when respondent seized appellant's property, and that appellant's incarceration was not a basis for

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary, NRAP 46A(c), and that oral argument is not warranted, NRAP 34(f)(3). This appeal therefore has been decided based on the pro se brief and the record. *Id.*

21-26910

equitable tolling of the limitations period.[2] On appeal, appellant argues that a claim for return of property should not accrue until a prisoner's release and that the statute of limitations should otherwise be equitably tolled because he diligently sought return of his property.

Having considered appellant's brief, we conclude that his arguments lack legal basis and we discern no other reversible error in the record. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008) (reviewing de novo a district court's NRCP12(b)(5) dismissal). In particular, NRS 11.190(5)(a) allows one year to bring any claim alleging unlawful seizure of personal property by police officers and NRS 11.190(3)(c) allows three years to bring "[a]n action for taking, detaining or injuring personal property, including actions for specific recovery thereof." Under either of those limitations periods, appellant's claim—filed more than 11 years after the seizures and 10 years after his convictions—is time-barred.[3] *See In re Amerco Derivative Litig.*, 127 Nev.

---

[2]The district court concluded that appellant's claim was time-barred even if a different accrual date applied.

[3]We are not persuaded by appellant's suggestion that his return-of-property claim should have accrued from his prison release date because he did not have family or friends available to retrieve the property had he successfully moved for its return while incarcerated. Appellant knew about the seizures and concedes he had access to the courts to seek relief. *See Fausto v. Sanchez-Flores*, 137 Nev., Adv. Op. 11, 482 P.3d 677, 680 (2021) (recognizing that a claim accrues "when the wrong occurs and the party sustains injuries for which relief could be sought" (quoting *Petersen v. Bruen*, 106 Nev. 271, 274, 792 P.2d 18, 20 (1990))). Also, on a common-sense level, criminal sentences are wide-ranging and it would be unreasonable to conclude that a claim for return of property seized during a criminal

196, 228, 252 P.3d 681, 703 (2011) (observing that dismissal is appropriate when the statute of limitations has run); *see also Perry v. Terrible Herbst, Inc.*, 132 Nev. 767, 769, 383 P.3d 257, 259 (2016) (recognizing that whether a party is entitled to dismissal based on a particular limitations period presents a question of law, which this court reviews de novo).

We further conclude that the district court properly determined that appellant's incarceration is not an appropriate basis to toll the statute of limitations. *See Fausto v. Sanchez-Flores*, 137 Nev., Adv. Op. 11, 482 P.3d 677, 682 (2021) (recognizing that a plaintiff seeking to equitably toll a limitations period "must demonstrate that he or she acted diligently in pursuing his or her claim and that extraordinary circumstances beyond his or her control caused his or her claim to be filed outside the limitations period"); *Copeland v. Desert Inn Hotel*, 99 Nev. 823, 826, 673 P.2d 490, 492 (1983) (listing factors that bear on an equitable tolling determination, including the claimant's diligence, the claimant's knowledge of relevant facts, and the claimant's reliance on the defendant's authoritative statements about the nature of the claimant's rights and whether those statements misled the claimant); *see also Am. Sterling Bank v. Johnny Mgmt. LV, Inc.*, 126 Nev. 423, 428, 245 P.3d 535, 538 (2010) ("When the material facts of a case are undisputed, the effects of the application of a legal doctrine to those facts are a question of law that this court reviews de novo"). Appellant knew the relevant facts to bring his claim, i.e. the seizure

---

investigation does not accrue until release from prison, which may be decades or a lifetime after the property's seizure.

of his property in January and February 2009, and he does not point to any extraordinary circumstances beyond his control that prevented him from filing a claim under NRS 179.085(1) until December 2020, more than a year after he was released from prison.[4] Accordingly, we

ORDER the judgment of the district court AFFIRMED.[5]

_____, C.J.
Hardesty

_____, J.          _____, Sr.J.
Stiglich                                              Gibbons

cc:    Hon. Nadia Krall, District Judge
       Frederick Vonseydewitz
       Marquis Aurbach Coffing
       Eighth District Court Clerk

---

[4]We have considered appellant's remaining arguments, including that judicial estoppel applies, and conclude that they were either not timely raised in district court, *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981), lack merit, or both.

[5]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.