137 Nev., Advance Opinion 56

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ANTOINE SALLOUM,<br>Appellant,<br>vs.<br>BOYD GAMING CORPORATION, D/B/A<br>MAIN STREET STATION, A<br>DELAWARE CORPORATION,<br>Respondent. | No. 80769<br><br>**FILED**<br><br>SEP 23 2021<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>CHIEF DEPUTY CLERK |

Appeal from a district court order granting a motion to dismiss in an employment discrimination matter. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

*Affirmed.*

Watkins & Letofsky, LLP, and Theresa M. Santos and Daniel R. Watkins, Henderson,
for Appellant.

Snell & Wilmer, LLP, and Hayley J. Cummings, Kelly H. Dove, and Paul S. Prior, Las Vegas,
for Respondent.

---

BEFORE THE SUPREME COURT, CADISH, PICKERING, and HERNDON, JJ.

*OPINION*

By the Court, CADISH, J.:

In this appeal, we consider whether the Legislature's enlargement of a limitation period revives previously expired claims and

21-27501

conclude that, absent explicit provision by the Legislature, it does not. After respondent terminated appellant's employment, appellant sent a letter of inquiry to the Equal Employment Opportunity Commission and ultimately filed a charge of discrimination. The limitation period for appellant's potential claims against respondent expired on either the day he filed his letter of inquiry or shortly after he requested a right-to-sue letter from the Commission. The Legislature subsequently amended NRS 613.430, providing aggrieved employees an additional 90 days to file a claim after receiving a right-to-sue letter. After the amended statute became effective, appellant filed the underlying district court complaint, alleging discrimination based on age and sex. Respondent moved for dismissal, arguing that appellant's claims expired under the former version of NRS 613.430 before that statute was amended and the Legislature's amendments to the statute did not revive them. The district court agreed and granted the motion, also rejecting appellant's arguments that the equitable tolling doctrine applied.

Given that the 2019 amendment to NRS 613.430 does not state it applies to claims that expired before the amendment's effective date, we hold that the district court correctly determined the amendment does not apply to revive appellant's already-expired claims. Furthermore, we conclude that appellant failed to establish the requirements for equitable tolling, particularly that his noncompliance with the statute of limitations resulted from external factors beyond his control. Accordingly, the district court properly dismissed appellant's complaint with prejudice.

*FACTS AND PROCEDURAL HISTORY*

On August 15, 2018, respondent Boyd Gaming Corporation discharged appellant Antoine Salloum from employment for alleged

violations of company policies. Salloum sent an inquiry letter to the EEOC on or around February 11, 2019, alleging that Boyd discharged him based on his sex, national origin, and age, and requesting that the EEOC investigate his termination. On June 10, Salloum filed a formal charge of discrimination against Boyd with the EEOC and the Nevada Equal Rights Commission (NERC), alleging that Boyd terminated him due to his sex, national origin, and age in violation of the Civil Rights Acts of 1964 and the Age Discrimination in Employment Act of 1967. On August 12, Salloum requested a right-to-sue letter from the EEOC, which it issued the next day.

On November 1, 2019, Salloum filed the underlying district court complaint, alleging that Boyd committed unlawful employment practices by subjecting him to a hostile work environment and terminating him due to his age and sex. Boyd moved for dismissal, arguing that Salloum's claims expired under the 1983 version of NRS 613.430 (giving a claimant 180 days from the act complained of to file an unlawful employment practice complaint), which controlled through September 30, 2019. Salloum opposed, arguing that the 2019 amendment to NRS 613.430 (giving a claimant 180 days from the act complained of or 90 days from NERC issuing a right-to-sue letter, whichever is later, to file an unlawful employment practice complaint) retroactively applied such that his complaint was timely. At the hearings on the motion, Salloum also argued that the district court should deny Boyd's motion under a theory of equitable tolling.

The district court granted Boyd's motion to dismiss with prejudice, concluding that Salloum's claims expired on February 11, 2019, under the 1983 version of NRS 613.430 when no formal administrative charge was filed by that date and that the 2019 amendment to NRS 613.430

did not resurrect Salloum's claims.[1]  The district court concluded that equitable tolling did not apply because the statute has clear time limitations with which Salloum did not strictly comply.

## DISCUSSION

When, as here, a district court considers matters outside of the pleadings, we review an order resolving a motion to dismiss under NRCP 12(b)(5) as one for summary judgment under NRCP 56. *Schneider v. Cont'l Assurance Co.*, 110 Nev. 1270, 1271, 885 P.2d 572, 573 (1994); NRCP 12(d). We review "a district court's grant of summary judgment de novo, without deference to the findings of the lower court." *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005).  Summary judgment is appropriate if the pleadings and other evidence on file, viewed in the light most favorable to the nonmoving party, demonstrate that no genuine issue of material fact remains and that the moving party is entitled to judgment as a matter of law. *Id.*

---

[1]Salloum argues that his filing of a letter of inquiry with the EEOC constituted the filing of a complaint with NERC such that tolling is appropriate under the 1983 version of NRS 613.430 (providing that the 180-day limitation period to file an unlawful employment practice complaint "is tolled . . . during the pendency of the complaint before [NERC]"). Thus, he contends that the district court erred in concluding that his claims expired on February 11, 2019. Even if Salloum's argument is correct, which we take no position on, his claims still expired the day after he received the right-to-sue letter from the EEOC.  Thus, under either the district court's conclusion or Salloum's argument on appeal, Salloum's claims expired under the 1983 version of NRS 613.430 before the 2019 amendment took effect.

*The 2019 amendment to NRS 613.430 did not revive Salloum's expired claims*

Salloum argues that the 2019 amendment to NRS 613.430 retroactively applies, thereby reviving his expired claims against Boyd, because it relates to procedures. Salloum contends that his claims against Boyd were timely under the 2019 amendment because he filed them within 90 days of receiving a right-to-sue letter. Thus, the first question before us is whether the 2019 amendment to NRS 613.430 retroactively applied and revived Salloum's claims.

"[W]e generally presume that [newly enacted statutes] apply prospectively unless the Legislature clearly indicates that they should apply retroactively or the Legislature's intent cannot otherwise be met." *Valdez v. Emp'rs Ins. Co. of Nev.*, 123 Nev. 170, 179, 162 P.3d 148, 154 (2007). However, "statutes that *do not change substantive rights* and instead relate solely to remedies and procedure . . . appl[y] to any cases pending when . . . enacted." *Id.* at 179-80, 162 P.3d at 154 (emphasis added).

Determining whether a statute alters substantive rights and thereby has a retroactive effect "is not always a simple or mechanical task." *Sandpointe Apartments, LLC v. Eighth Judicial Dist. Court*, 129 Nev. 813, 820, 313 P.3d 849, 854 (2013) (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 268 (1994)). When making such a determination, we "take a 'commonsense, functional' approach," focusing on "fundamental notions of 'fair notice, reasonable reliance, and settled expectations.'" *Pub. Emps.' Benefits Program v. Las Vegas Metro. Police Dep't*, 124 Nev. 138, 155, 179 P.3d 542, 553-54 (2008) (quoting *Immigration & Naturalization Serv. v. St. Cyr*, 533 U.S. 289, 321 (2001)).

Salloum relies upon *Valdez v. Employers Insurance Company of Nevada* to argue that the 2019 amendment to NRS 613.430 is procedural in nature and thus retroactively applies. There, a work-related accident left a worker quadriplegic, "requiring continuous care by a urologist." *Valdez*, 123 Nev. at 172-73, 162 P.3d at 150. The Nevada State Industrial Insurance System (SIIS) covered the worker's claim, and the worker began treatment with a urologist "located approximately one mile from [his] home." *Id.* at 173, 162 P.3d at 150. After the Legislature privatized SIIS, the resulting entity, Employers Insurance Company of Nevada, assumed responsibility for the claim and notified the worker that he must choose a new urologist within its network. *Id.* The worker objected, but the Nevada Department of Administration ultimately concluded "that the issue of physician choice was procedural and therefore the provisions" privatizing SIIS retroactively applied to the worker's claim. *Id.* On appeal, we held "that managed care and physician choice [were] acceptable procedural and remedial mechanisms for administering a vested entitlement. Legislative provisions to that effect are retroactive in the absence of a clear statement of contrary legislative intent." *Id.* at 179, 162 P.3d at 154.

The analysis in *Valdez* does not apply here, as the injured worker in *Valdez* had acquired a substantive right to medical treatment before the Legislature's overhaul of the SIIS. Whether the injured worker retained his urologist or selected a new one did not alter the worker's right to treatment. Here, application of the new limitation period *would* alter Boyd's substantive rights, as Salloum's claims against it had expired under the 1983 version of NRS 613.430, thus eliminating potential liability thereunder. Therefore, Salloum's reliance upon *Valdez* is misplaced, and we decline to apply *Valdez* here.

We similarly reject Salloum's reliance upon *Friel v. Cessna Aircraft Co.*, 751 F.2d 1037 (9th Cir. 1985). There, the personal representative of the decedent brought claims against the manufacturer of an aircraft relating to an apparent crash over the Pacific Ocean. *Id.* at 1038. At the time of the crash, a two-year limitation period controlled. *Id.* Not long after the crash, Congress repealed the statute and enacted in its place a three-year limitation period. *Id.* The personal representative sued more than two years after the crash but within the three-year limitation period. *Id.* The court held that the three-year limitation period controlled, as "[t]he two-year time bar was not yet complete and the action was viable when [Congress lengthened] the limitation period . . . to three years" and "defendants had acquired no vested right to immunity from suit for their alleged wrong under [the then-controlling statute]." *Id.* at 1040. Here, Salloum's claims against Boyd expired before the Legislature lengthened the limitation period.[2] *Friel* therefore does not support application of the 2019 amendment's limitation period here.

We previously addressed whether the Legislature's subsequent lengthening of a limitation period governing the collection of child support arrearages revived a claim that expired under the prior limitation period in *McKellar v. McKellar*, 110 Nev. 200, 871 P.2d 296 (1994). There, the mother filed an action in 1991 to collect child support arrearages dating back to 1977, relying on a 1987 legislative amendment that removed the statute of limitations for such collection actions. *Id.* at 201-03, 871 P.2d at 297-98.

---

[2]The Legislature passed the 2019 amendment to NRS 613.430 on May 21, 2019. 2019 Nev. Stat., ch. 100, § 8, at 550. But the amendment did not provide an effective date, and thus, pursuant to NRS 218D.330 (providing effective date for legislative measures where Legislature does not specifically designate one), it took effect on October 1, 2019.

The district court concluded that the amendment retroactively applied and affirmed the referee's award of arrearages dating back to 1977. *Id.* at 202-04, 871 P.2d at 297-98. On appeal, we held that the Legislature's removal of the limitation period did not retroactively apply to allow the mother to collect arrearages that were time-barred under the prior limitation period. *Id.* at 203-04, 871 P.2d at 298. Because the Legislature specifically removed a section of the bill providing for retroactive application, we could not conclude that the Legislature intended the enlarged limitation period to revive time-barred claims. *Id.* at 203, 871 P.2d at 298. We also could not "conclude that retroactive application [was] necessary to satisfy the [L]egislature's intent." *Id.* Accordingly, we held that the mother could only recover arrearages that were not time-barred under the pre-amendment six-year limitation period. *Id.* at 203-04, 871 P.2d at 298.

*McKellar* is in accord with the majority of jurisdictions that have addressed the question of whether a limitation period extended by statutory amendment should apply to revive expired claims. *See, e.g., Quarry v. Doe I*, 272 P.3d 977, 983 (Cal. 2012) ("Once a claim has lapsed (under the formerly applicable statute of limitations), revival of the claim is seen as a retroactive application of the law under an enlarged statute of limitations. Lapsed claims will not be considered revived without express language of revival."); *State of Minn. ex rel. Hove v. Doese*, 501 N.W.2d 366, 369-70 (S.D. 1993) (collecting cases regarding the same); *see also* 51 Am. Jur. 2d *Limitation of Actions* § 52 (2021 update) ("An act enlarging or lengthening a limitation period governs those actions not previously barred by the original limitation period, but ordinarily does not apply to those claims in which the original limitation period has already run." (internal citations omitted)). We now explicitly hold that this general principle—that

(O) 1947A

statutory enlargements of limitation periods do not operate to revive a previously barred action absent a clear expression of such application by the Legislature—applies in Nevada. Thus, whether the 2019 amendment to NRS 613.430 retroactively applies and revives Salloum's previously time-barred claims turns on whether the Legislature expressly provided for retroactive application or whether retroactive application is necessary to meet the act's purpose. *Valdez*, 123 Nev. at 179, 162 P.3d at 154.

> The 2019 amendment to NRS 613.430 provided,
>
> No action authorized by NRS 613.420 may be brought more than 180 days after the date of the act complained of [.] *or more than 90 days after the date of the receipt of the right-to-sue notice pursuant to [NRS 613.412], whichever is later.* When a complaint is filed with the Nevada Equal Rights Commission, the limitation provided by this section is tolled as to any action authorized by NRS 613.420 during the pendency of the complaint before the Commission.

2019 Nev. Stat., ch. 100, § 8 at 550. Nothing in the amendment expresses any intent for retroactive application. *See Pub. Emps.' Benefits Program*, 124 Nev. at 155, 179 P.3d at 553 ("[W]hen the Legislature intends retroactive application, it is capable of stating so clearly."). Furthermore, we cannot conclude that we must retroactively apply the 2019 amendment to NRS 613.430 to meet the Legislature's intent. *See McKellar*, 110 Nev. at 203, 871 P.2d at 298 ("Prospective application [of an enlarged limitation period] advances the [L]egislature's intent, despite the resulting preclusion of recovery for time-barred claims."). We therefore hold that the Legislature did not provide for retroactive application of the 2019 amendment to NRS 613.430, nor is retroactive application necessary to advance the amendment's purpose. Accordingly, the 2019 amendment to NRS 613.430 does not retroactively apply to Salloum's expired claims.

*Equitable tolling does not apply to Salloum's claim*

Although the district court erred by flatly concluding that equitable tolling could not apply to Salloum's claim, *see Copeland v. Desert Inn Hotel*, 99 Nev. 823, 826, 673 P.2d 490, 492 (1983) (holding that equitable tolling may apply to claims of discriminatory employment practices), we conclude that the district court's error was harmless on this record because Salloum failed to demonstrate the factors that would make equitable tolling appropriate here. *See Am. Sterling Bank v. Johnny Mgmt. LV, Inc.*, 126 Nev. 423, 428, 245 P.3d 535, 538 (2010) ("When the material facts of a case are undisputed, the effects of the application of a legal doctrine to those facts are a question of law that this court reviews de novo."); NRCP 61 (providing that courts "must disregard all errors and defects that do not affect any party's substantial rights").

Salloum argues that equitable tolling is appropriate because he "acted in good faith upon his understanding of the [2019 amendment to NRS 613.430]" and because tolling would not prejudice Boyd. We disagree.

When weighing whether to apply equitable tolling, courts must consider

> the diligence of the claimant; the claimant's knowledge of the relevant facts; the claimant's reliance on authoritative statements by the administrative agency that misled the claimant about the nature of the claimant's rights; any deception or false assurances on the part of the employer against whom the claim is made; the prejudice to the employer that would actually result from delay during the time that the limitations period is tolled; and any other equitable considerations appropriate in the particular case.

*Copeland*, 99 Nev. at 826, 673 P.2d at 492. Addressing the diligence aspect of these considerations, we recently stated that plaintiffs seeking equitable

Supreme Court
of
Nevada

(O) 1947A

10

tolling must "demonstrate that, despite their exercise of diligence, extraordinary circumstances beyond their control prevented them from timely filing their claims." *Fausto v. Sanchez-Flores*, 137 Nev., Adv. Op. 11, 482 P.3d 677, 681 (2021).

Here, Salloum made no argument, and the record contains no evidence, that an administrative agency or Boyd misled him to his detriment. He also made no argument that his lack of knowledge regarding the facts of his claims precluded him from timely filing his complaint. Even if he had, the record demonstrates that Salloum had all the requisite knowledge to pursue his claim when he sent his letter of inquiry to the EEOC. Finally, the record before us does not demonstrate that extraordinary circumstances prevented Salloum from timely filing his complaint. Rather, Salloum argues that we should apply equitable tolling to save his otherwise-expired claims because of his "miscalculation of an amended statute" while represented by counsel. Simply stated, a miscalculation by Salloum or his counsel under these facts does not constitute extraordinary circumstances warranting the application of equitable tolling.

## CONCLUSION

After review of our caselaw and the weight of authority from our sister jurisdictions, we now definitively hold that we will not retroactively apply a lengthened limitation period enacted after a claim expired, effectively resurrecting the claim, absent an express statement from the Legislature to that effect. As the 2019 amendment to NRS 613.430 contains no such statement, we hold that the 2019 amendment does not retroactively apply to revive Salloum's time-barred claims. Furthermore,

Salloum failed to demonstrate that equitable tolling applies in this instance. We therefore affirm the district court's dismissal of Salloum's complaint.

_____, J.
Cadish

We concur:

_____, J.
Pickering

_____, J.
Herndon